## No. C-187

### Sandra K. Bassett v. Douglas B. O'dell
(498 P.2d 1134)

Decided June 12, 1972.

Kripke, Carrigan & Dufty, P.C., Kenneth N. Kripke, for petitioner.

Burnett, Watson, Horan & Hilgers, Mike Hilgers, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This personal injury action arose out of a collision which occurred at a controlled intersection. The plaintiff in the trial court claimed that the defendant was negligent in driving through a red light. The defendant denied negligence and alleged that the signal light was yellow when he entered the intersection. He also charged that the plaintiff was contributorily negligent. In addition, the defendant filed a counterclaim asserting that he had the right-of-way and that the plaintiff was negligent. The trial court dismissed the defendant's counterclaim and refused to instruct the jury on the defense of contributory negligence. Thereafter, the jury returned a substantial verdict for the plaintiff, and the defendant appealed.

On appeal, the plaintiff recognized the trial court's error in withdrawing the defense of contributory negligence from the jury and acknowledged that a new trial was necessary on that point. The Court of Appeals agreed and further held that it was error as a matter of law to have dismissed the defendant's counterclaim. (*Bassett v. O'Dell,* 30 Colo. App. 215, 491 P.2d 604 (1971).) Because of the Court of Appeal's conclusion that the issues of damages and liability were closely intertwined, the case was remanded for a new trial on all issues. We granted certiorari to consider the sole question of whether the plaintiff is entitled to have the case retried on the liability issue alone, thereby avoiding retrial on the issue of damages.

■ C.R.C.P. 59(a), provides that "[a] new trial may be granted to all or any of the parties, and on all or part of the issues, after trial by jury. . . ." However, before granting a partial new trial, it should clearly appear that the issue to be retried is entirely distinct and separable from the other issues involved in the case and that a partial retrial can be had without injustice to any party. *Gasoline Products Co., Inc. v. Champlin Refining Co.,* 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931); *Norfolk Southern Railroad Co. v. Ferebee,* 238 U.S. 269, 35 S.Ct. 781, 59 L.Ed. 1303 (1914).

■ Because the defendant's counterclaim must be considered on retrial, the issue of liability cannot be presented to the jury apart from the issue of damages. Thus, rather than being separate and distinct, the issues of liability and damages are inextricably interwoven. Under such circumstances, a limited remand would have been improper. *Gasoline Products Co., Inc. v. Champlin Refining Co., supra.* It is also clear that a partial retrial could not be conducted without injustice, since it would be virtually impossible under the facts of this case to mask the first jury's verdict for the plaintiff from the new jury that would be sitting at the time the case is retried. The prejudicial inference that would be created by a limited remand is to us obvious. *See Caskey v. Village of Wayland,* 375 F.2d 1004 (2d Cir. 1967).

Numerous cases have considered and approved the practice of granting partial retrials on the issue of damages alone where liability was clearly established. *See, e.g., King v. Avila,* 127 Colo. 538, 259 P.2d 168 (1953); *Murrow v. Whiteley,* 125 Colo. 392, 244 P.2d 657 (1952). Here, the question presented is the converse of that usually presented, and the cases involving it are few. However, the facts in *Bauman v. Complita,* 66 Wn.2d 496, 403 P.2d 347 (1965), are all but identical. In the *Bauman* case, as in the instant case, the action arose out of a collision at an intersection, and judgment was entered in favor of the plaintiff. On appeal, the Supreme Court of Washington held that the failure of the trial court to submit the issue of contributory negligence to the jury was prejudicial error and that, under the circum-

stances, the new trial should not be limited solely to the issue of liability. In discussing the considerations underlying its decision to remand the case for a new trial on all issues, the Washington court said:

"We recognize that there are situations, especially where the evidence as to damages is largely objective and the extent thereof is not seriously challenged on appeal, where a new trial could well be limited to the issue of liability. However, in the present case, the details of the injury sustained by the plaintiff-driver and the symptoms thereof are largely subjective and supplied by him. The proof as to liability and as to most of the damages comes from the same source and should be evaluated by the same jury."

In our opinion, the factors which the Supreme Court of Washington deemed relevant are particularly applicable herein. This is not a case where the evidence as to damages is largely objective and the extent thereof is not seriously challenged on appeal. To the contrary, the damages awarded in this case were alleged to be excessive and were, in large measure, based on such subjective considerations as physical pain and suffering. Furthermore, many of the witnesses who testified as to liability also testified as to the injuries sustained by the plaintiff.

Accordingly, under the circumstances of this case, the judgment of the Court of Appeals remanding the case for a new trial on all issues is affirmed.