Darren Lee BUTTERS, By and Through his next friend Bonnie D. Butters, Plaintiffs-Appellants,

v.

Leslie Gene MINCE, Defendant-Appellee.

No. 78–290.

Colorado Court of Appeals, Div. III.

Aug. 2, 1979.

Rehearing Denied Aug. 30, 1979.

Certiorari Granted Jan. 28, 1980.

Anderson, Calder & Lembke, P. C., Gary L. Calder, Stephen P. Calder, Aurora, for plaintiffs-appellants.

White & Steele, P. C., R. Eric Peterson, Denver, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiffs, Darren Butters and his mother as next friend, bring this appeal from a judgment entered on a jury verdict in their favor, contending that the court erred in failing to give certain instructions and that the amount of damages awarded Darren was too low. Mrs. Butters does not appeal from that part of the judgment which awarded her medical expenses, and that part of the judgment is therefore affirmed. The remainder of the judgment, however, is reversed.

Darren was riding his bicycle along a city street when he was struck by a pickup truck driven by defendant. Defendant stipulated at trial that he was intoxicated and negligent at the time of the accident. Therefore, the only issues submitted to the jury related to the question of Darren's contributory negligence, the extent of Darren's general and special damages, and a determination as to whether punitive damages were appropriate. The jury awarded Mrs. Butters $1,500 for medical expenses, and $1,500 to Darren for his injuries, but did not assess any punitive damages. The court reduced the verdicts by ten (10) percent representing the degree of contributory negligence the jury attributed to Darren.

Plaintiffs argue that the court erred in refusing to instruct the jury that driving while under the influence of intoxicating liquor constitutes wanton and reckless disregard for the rights and safety of others. This instruction was tendered in connection with plaintiffs' claim for punitive damages under § 13–21–102, C.R.S.1973, which requires a finding of "wanton and reckless disregard of the injured party's rights and feelings." Under the particular facts here, we agree.

The instruction requested by plaintiffs reads as follows:

"The operation of a motor vehicle by one who is consciously under the influence of

intoxicating liquor so as to impair the ability of the operator to drive carefully, is a wanton and reckless disregard for the rights and safety of others."

Whether a defendant's intoxication constitutes wanton and reckless disregard for the rights and safety of others is generally a question of fact for the jury. *See Moore v. Bothe,* 479 S.W.2d 634 (Ky. 1972). And, where there is supportive evidence, the court should instruct the jury on this issue.

The instruction requested by plaintiffs was, in effect, a request for a directed verdict, taking the issue of wanton and reckless disregard from the jury. In most cases, a directed verdict on this issue would be inappropriate. Under the facts of this case, however, the plaintiff was entitled to such an instruction because the evidence was overwhelming that defendant's actions amounted to wanton and reckless disregard for the rights and safety of the injured party.

Defendant admitted that he was negligent and intoxicated. Undisputed expert testimony revealed that defendant's blood alcohol level was approximately .250 at the time of the accident, and that therefore defendant would be maximally impaired in his operation of a motor vehicle. It was also undisputed that defendant left the scene of the accident. Therefore, reasonable people could reach only one conclusion based on the evidence, and it was error for the court not to instruct the jury that defendant's intoxication constituted wanton and reckless disregard of plaintiffs' rights and safety. *Cf. Pioneer Construction Co. v. Richardson,* 176 Colo. 254, 490 P.2d 71 (1971).

Because the issue may arise again on retrial, we have considered plaintiffs' contention that the court erred in refusing two of their other tendered instructions. The instructions concerned the statutory presumption of intoxication under § 42–4–1202(2)(c), C.R.S.1973, and the definition of driving while under the influence in the context of the guest statute. Defendant admitted his intoxication at the time of the accident, and the jury was so advised. Therefore the instructions were unnecessary, and the court properly refused to give them.

Defendant argues by way of cross-appeal that the court erred in awarding only a portion of the court costs due defendant as provided under C.R.C.P. 68. Because of our reversal of this case, the assessment of costs made against plaintiffs must be set aside.

That part of the judgment for Bonnie Butters is affirmed. That part of the judgment for Darren Butters is reversed and the costs assessed against plaintiffs are set aside. Because the issue of defendant's negligence was admitted and no issue was raised on appeal concerning the jury's determination that Darren was ten percent contributorily negligent, the cause is remanded for a new trial limited to the issues of Darren's general and special damages and punitive damages consistent with the views expressed herein. *See Bassett v. O'Dell,* 178 Colo. 425, 498 P.2d 1134 (1972); *Kitto v. Gilbert,* 39 Colo.App. 374, 570 P.2d 544 (1977).

BERMAN and KELLY, JJ., concur.