643 P.2d 741 (1982)
Galen MARKS, Robert R. Larsen, John Vowell, and Brighton Community Hospital Association, Petitioners,
v.
The DISTRICT COURT In and For the SEVENTEENTH JUDICIAL DISTRICT OF the STATE of Colorado, and the Honorable Marvin W. Foote, one of the Judges thereof, Respondents.
No. 81SA431.
Supreme Court of Colorado, En Banc.
March 8, 1982.
Rehearing Denied March 29, 1982.
*742 Pryor, Carney & Johnson, Thomas L. Roberts, Englewood, Plaut & Lipstein, P. C., Frank Plaut, Lakewood, Quiat, Dice & Associates, Stephen D. Dawson, Denver, for petitioners.
Donald E. Tyler, pro se.
LEE, Justice.
In this original proceeding under C.A.R. 21, the petitioners (defendants in the trial court) seek a writ of prohibition restraining the respondent district court from proceeding with a new trial on the single issue of damages rather than a new trial on all issues. The trial court had found that the jury verdict was excessive due to jury bias, prejudice, and passion. The court ordered a new trial on the issue of damages only unless the plaintiff would agree to a lesser award. We issued a rule to show cause why the relief requested by the petitioners should not be granted. We now make that rule absolute.
This action arose out of a dispute concerning Dr. Donald E. Tyler's surgical privileges at the Brighton Community Hospital. Effective January 1, 1975, Dr. Tyler was barred from membership in the active medical staff of the hospital. Dr. Tyler commenced this action in the district court seeking damages from the hospital and the other petitioners, Gaylon Marks, Robert Larsen, and John Vowell. The action asserted claims for relief in the nature of defamation, breach of fiduciary duties, breach of express contract, outrageous conduct, wrongful interference with the plaintiff's practice of medicine, and conspiracy to remove the plaintiff from emergency room call duty. The case was tried to a jury and a verdict in favor of plaintiff Tyler was returned in the amount of $730,000 in compensatory and exemplary damages. On motion for new trial the trial judge found the jury verdict to be excessive and the result of bias, passion, and prejudice. A new trial on the issue of damages only was ordered unless the plaintiff would agree to remit $588,283.05 of the award which the court deemed to be excessive, leaving in effect a verdict of $141,716.95. The plaintiff refused to remit.
The petitioners assert that the trial court erred as a matter of law in ordering a new trial on the single issue of damages since it had found that the excessive jury verdict was the result of bias, prejudice, and passion. We agree that the trial court should have ordered a new trial on all issues, and now make the rule absolute.

I.
As a preliminary matter several grounds have been asserted to invalidate the motions for a new trial and the orders issued thereon, all of which we find to be without merit.
This case involves a complicated procedural history. After a jury verdict favorable to the plaintiff had been returned and the jury dismissed, a contradictory signed verdict form was discovered. The trial judge declared a mistrial based on the conflict in the two verdicts. The order for a mistrial was reversed in Tyler v. District Court, Colo., 613 P.2d 899 (1980), where this court directed the trial judge to vacate the order for mistrial and to enter a judgment in accordance with the jury verdict. At the time when the mandate of this court was received by the trial court on August 8, 1980, the trial judge was outside the continental United States. The court clerk, without any order from the court and while the trial judge was absent, entered judgment in the register of actions on August 26, 1980. Counsel for the defendants filed motions requesting successive extensions of time in which to file post-trial motions. Two judges who had previously disqualified themselves from hearing the case granted the extensions. Motions for judgment notwithstanding the verdict or for a new trial were then filed within the extended periods. The plaintiff then filed a motion to strike the defendants' motions and to vacate orders granting the extension of time for the filing of such motions.
Thereafter, on December 4, 1980, the trial judge considered all of the motions. He denied plaintiff's motion to strike; he ordered *743 the clerk's entry of judgment on August 26 vacated; and he prepared and signed a written form of judgment and ordered entry of the judgment on December 4, 1980. On December 10, 1980, the judge entered a written order on defendants' motions. He denied the motions for judgment notwithstanding the verdict but ordered a new trial on the issue of damages only unless the plaintiff would agree to a remittitur of that portion of the jury award which the court found to be excessive.
We find no fatal error in the foregoing procedure. It is contended that the judges who authorized the extension for filing new trial motions in August and September of 1980 acted beyond their jurisdiction because they had been disqualified from hearing the case. C.R.C.P. 97. Therefore, it is argued, the motions for new trial filed within the allegedly void extension period were not timely filed under C.R.C.P. 59(b) and the judgment entered by the court clerk on the jury verdict had become final. We do not agree for the following reasons.
The clerk's entry of judgment was not authorized under the circumstances present here. Ordinarily, under C.R.C.P. 58(a), the clerk of the court, unless the court otherwise directs, shall forthwith prepare and enter the judgment without awaiting any direction from the court. In such case the entry of judgment is a ministerial act and participation by the judge is not required. Jones v. Galbasini, 134 Colo. 64, 299 P.2d 503 (1956). See also, Joslin Dry Goods v. Villa Italia, 35 Colo.App. 252, 539 P.2d 137 (1975). In this case, however, no judgment was entered upon the jury's verdict inasmuch as the trial judge declared a mistrial and ordered a new trial. Appellate proceedings in Tyler v. District Court, supra, resulted in reversal of the trial court's order declaring a mistrial and directions to the trial court "to vacate its order granting a mistrial and to enter a judgment in accordance with the verdict of the jury." The mandate required action by the trial judge and the entry of judgment under these circumstances was not merely a ministerial act to be performed by the court clerk. It follows that, since there was no valid entry of judgment on August 26, the post-trial motions were not untimely filed and thus could properly be considered by the court after a proper entry of judgment had been made.
The trial judge could not carry out the mandate of this court because of his absence from the country. It was necessary on his return that he correct the judgment record and vacate the improperly entered judgment, and thus cause a proper judgment to be entered on the jury's verdict as directed by this court. The judgment did not become effective until it was thus entered on December 4, 1980. We find no error in this procedure, and do not find the actions of the disqualified judges to be determinative, especially when parties relying upon the orders filed motions within time granted by the district court and the party contesting the order has not demonstrated that any harm resulted from this procedure.[1]
It is further argued that the trial judge was without jurisdiction to order a new trial on the basis of jury misconduct without affidavits presented with the new trial motion. This argument misperceives the "excessive damages" ground for new trial in Rule 59(a)(5). This ground is not equivalent to jury misconduct as contemplated by C.R.C.P. 59(a)(2) for which affidavits are required. See, Cawthra v. City of *744 Greeley, 154 Colo. 483, 391 P.2d 876 (1964). Moreover, the trial judge is authorized by Rule 59 to order a new trial on any valid ground within 15 days after entry of judgment, in this case December 4, 1980. The judge's rulings came within this time period.

II.
The respondent argues that this is not an appropriate circumstance for our exercise of original jurisdiction under C.A.R. 21. We do not agree. A writ of prohibition may be granted when a district court has acted in excess of its jurisdiction or has committed a gross abuse of discretion in circumstances where an appeal is neither an appropriate nor adequate remedy. See, e.g., Sanchez v. District Court, Colo., 624 P.2d 1314 (1981); Coquina Oil Co. v. District Court, Colo., 623 P.2d 40 (1981); Prudential Property and Casualty Insurance Co. v. District Court, Colo., 617 P.2d 556 (1980); Western Food Plan, Inc. v. District Court, 198 Colo. 251, 598 P.2d 1038 (1979); Weaver Construction Co. v. District Court, 190 Colo. 227, 545 P.2d 1042 (1976). We find that the issues raised here are sufficient to meet our test for jurisdiction. When a retrial of all issues is warranted, a new trial limited to a single issue cannot adequately be remedied on appeal. Therefore, a writ of prohibition may here be available to "restrain rather than remedy an abuse of jurisdiction." Prudential Property and Casualty Insurance Co., supra, 617 P.2d at 558.

III.
In considering the motion for a new trial, the trial court found that the damages were excessive and stated: "It can only be concluded that the jury was influenced by bias, prejudice, and passion." In view of this finding, under the long standing rule in Colorado, the court could not properly limit the scope of the new trial to the single issue of damages. A new trial of all issues should have been ordered.
Generally, a trial court has the power to grant a new trial under C.R.C.P. 59 or in the alternative, to deny the new trial on the condition that the plaintiff will agree to a remittitur of the amount of the damages found by the court to be excessive. Leo Payne Pontiac, Inc. v. Ratliff, 178 Colo. 361, 497 P.2d 997 (1972). When an award of damages is excessive but liability is clear, it may be permissible to order a new trial limited to the issue of damages only. Denton v. Navatril, 170 Colo. 158, 459 P.2d 761 (1969); King v. Avila, 127 Colo. 538, 259 P.2d 268 (1953); Murrow v. Whiteley, 125 Colo. 392, 244 P.2d 657 (1952); Belcaro Realty Investment Co. v. Norton, 103 Colo. 485, 87 P.2d 1114 (1939); Brncic v. Metz, 28 Colo.App. 204, 471 P.2d 618 (1970). As the court of appeals stated in Kitto v. Gilbert, 39 Colo.App. 374, 570 P.2d 544 (1977), concerning whether a retrial on all issues is warranted:
"[T]he determinative considerations are those factors relating to fairness. The focus is on the relationship between the issues under the evidence and the practical logistics of retrial. If the issues are sufficiently distinct and separable so as to demonstrate the likelihood that jury determination of one would not affect its resolution of the other, and limited retrial can be accomplished without prejudicially [implicating] the prior verdict, then judicial economy and justice are served by restricting the scope of retrial." Id., 39 Colo.App. at 386-87, 570 P.2d at 553.
See, Bassett v. O'Dell, 178 Colo. 425, 498 P.2d 1134 (1972).
However, where the trial judge has made a finding that the excessive jury verdict resulted from bias, prejudice, and passion, firmly established precedent requires that a new trial on all issues be granted. The rationale for the rule, simply stated, is that once a jury verdict has been found to be tainted by bias, prejudice, or passion, it is not possible in the usual case, where both liability and damages are contested, to determine the precise extent to which these improper factors have operated on the jury and infected the fact-finding function. Therefore, justice requires a retrial of the entire case in order to ensure a trial by an *745 impartial jury. See, 6A Moore's Federal Practice, ¶ 59.06 at 59-84 (2d ed. 1981); 3 W. Barron & A. Holtzoff, Federal Practice and Procedure, § 1305.1, at 375 (1958). The use of a remittitur in such a case is an inappropriate remedy since it will not cure the defect inherent in a verdict resulting from bias, prejudice, or passion. See, Tunnel Mining and Leasing Co. v. Cooper, 50 Colo. 390, 115 P. 901 (1911); F. M. Davis Iron Works Co. v. White, 31 Colo. 82, 71 P. 384 (1903); and Hartford Fire Insurance Co. v. Kolar, 30 Colo.App. 1, 488 P.2d 1114 (1971). In such circumstances the balancing test described in Kitto, supra, usually utilized in a decision to re-try a single issue is inapposite. See, Tunnel Mining and Leasing Co., supra; Minneapolis, St. Paul & S. Ste. M. Ry. v. Moquin, 283 U.S. 520, 51 S.Ct. 501, 75 L.Ed. 1243 (1931); Hash v. Hogan, 453 P.2d 468 (Alaska, 1969); Flieger v. Reeb, 120 Ariz. 31, 583 P.2d 1351 (1978); Ford Motor Co. v. Mahone, 205 F.2d 267 (4th Cir. 1953); Brabham v. Mississippi, 96 F.2d 210 (5th Cir. 1938), cert. denied, 305 U.S. 636, 59 S.Ct. 103, 83 L.Ed. 409.
The posture of this proceeding under Rule 21, with no record from the first trial, precludes our review of the finding of the trial court that the jury verdict was excessive due to bias, prejudice, and passion. Thus, we hold only that once the trial court has made such a finding, that court may not order a remittitur or alternatively grant a limited new trial on the issue of damages only. Instead, the entire verdict must be invalidated and the fatal defect remedied by a new trial on all issues. We therefore direct the district court to order a new trial on all issues. The rule is made absolute.
NOTES
[1] Compare, Converse v. Zinke, Colo., 635 P.2d 882 (1981), where we recognized an exception to the express limitation in C.R.C.P. 50(b) and C.R.C.P. 6(b) in the time for filing a motion for judgment notwithstanding the verdict. There we held that when "a party reasonably relies and acts upon an erroneous or misleading statement or ruling by a trial court regarding the time for filing post-trial motions" the trial court does not lose its jurisdiction to rule on the motions filed within the extension period given.

To agree with the position taken by Dr. Tyler that the time for filing of new trial motions should have been deemed to have run from the date of the first entry of verdict form in March of 1980 would have effectively cut off the defendant's right to appeal. See, In re Gardella, 190 Colo. 402, 547 P.2d 928 (1976). This we do not condone.