**Richard A. GRIFFITHS, and Marlene S. Griffiths, Plaintiffs-Appellants and Cross-Appellees,**

v.

**The STATE of Colorado, Defendant-Appellee and Cross-Appellant.**

**No. 84CA0113.**

Colorado Court of Appeals, Div. II.

April 17, 1986.

Rehearing Denied May 15, 1986.

Certiorari Denied (Griffiths) Sept. 29, 1986.

Robert C. Ozer, P.C., John W. Trueax, Denver, for plaintiffs-appellants and cross-appellees.

Hall & Evans, Arthur R. Karstaedt, III, William F. Eggert, Denver, for defendant-appellee and cross-appellant.

STERNBERG, Judge.

Richard A. and Marlene S. Griffiths, plaintiffs in this personal injury and loss of consortium action, appeal from a judgment entered upon a jury verdict returned in favor of the defendant, the State of Colorado. We affirm.

On December 31, 1981, plaintiffs' truck was stopped in traffic headed easterly on a two-lane portion of a highway in Glenwood Canyon. It was struck by a westbound car being driven by one Floyd Harper. Harper had encountered slush, ice, and snow, caus-

ing him to lose control of his vehicle. The Harper vehicle slid across the center line of the highway and struck plaintiffs' truck.

It is uncontroverted that it had been snowing and raining in the area for a number of days prior to December 31, and that road maintenance crews had conducted salting, sanding, and snow removal operations both during this period and on the day of the accident. The evidence presented at trial was in conflict, however, as to how much snow had fallen, and the exact condition of the roadway on that day.

Plaintiffs alleged that the accumulation encountered by Harper was a dangerous condition which existed because of defendant's negligence in failing properly to maintain the roadway. They further alleged that the accident occurred as a result of the State's negligence both in allowing the condition to occur and in failing to warn westbound drivers of its presence. The State answered that plaintiff's negligence either equalled or exceeded its own and that recovery was therefore prohibited by the comparative negligence statute. It also presented the defense that plaintiffs' injuries and damages resulted from the sole negligence of Harper. Harper had settled with plaintiffs before their complaint against the state was filed and was not a party to the suit.

Among other instructions given the jury was the following:

"You are instructed that as to causation of Plaintiff's injuries, Defendant contends that the actions of Floyd Harper were the sole cause of said injuries.

In assessing the actions of Floyd Harper, you are instructed that the operator of a motor vehicle must maintain a proper lookout to see what he could and should have seen in the exercise of reasonable care.

You are further instructed that one using public roads or highways has the duty of using reasonable care for his own safety. If hazardous conditions exist and are known or ought reasonably to have been known, then he has the duty

of using care in keeping with such conditions.

You are further instructed that the operator of a vehicle has a duty at all times to drive at a speed no greater than is reasonable under the conditions then existing.

You are further instructed that the law presumes that when vehicles collide, a driver who is on the wrong side of the road at the time of the collision was negligent.

If you find by a preponderance of the evidence that the actions of Floyd Harper were the sole cause of Plaintiff's injuries you should find for the Defendant. If you find by a preponderance of the evidence that the actions or omissions of Defendant were a cause of Plaintiff's injuries notwithstanding the actions of Floyd Harper, you should find for the Plaintiffs on the issue of liability."

The jury was also instructed on the definition of causation in accordance with *CJI-Civ.2d* 9:28 (1980).

Relying on *National Farmer's Union Property & Casualty Co. v. Frackelton,* 662 P.2d 1056 (Colo.1983), plaintiffs contend that the trial court committed reversible error in giving the above quoted instruction to the jury because it improperly focused attention upon whether Harper's conduct constituted negligence, thus diverting the jury from considering the issue of defendant's negligence. They argue that although Harper's conduct was properly before the jury as bearing on causation, Harper's possible negligence was never an issue in the case, and the challenged instruction, because it compelled active consideration thereof, invited the jury to conclude that Harper was negligent and to compare his negligence, if any, with the State's negligence, if any.

Because the State defended on the basis that plaintiffs' injuries and damages resulted from the sole negligence of Harper, we conclude the trial court did not err in instructing the jury as to the law governing Harper's negligence. *Frackelton, supra,* concerned the relationship between the

Uniform Contribution Among Tortfeasors Act, § 13–50.5–101, et seq., C.R.S. and the comparative negligence statute § 13–21–111, C.R.S., and did not, in our view, speak to the defense of sole negligence of another. Therefore, while there is language in *Frackelton* which could lead to a contrary result, we do not read the case as having abrogated the defense of sole negligence— which would be the result if we adopted plaintiffs' interpretation of that case.

The portions of the challenged instruction complained of by the plaintiffs are based on *CJI-Civ.2d* 11:1, 12:2, 11:8, and 11:10 (1980). In the context of this case, it was not error to give these instructions.

Because of this disposition, we do not address the State's contention on its cross-appeal that the court erred in not directing a verdict in its favor.

The judgment is affirmed.

SMITH and BABCOCK, JJ., concur.