The PEOPLE of the State of Colorado,
Petitioner–Appellee,

In the Interest of Andrew MARTINEZ,
Respondent–Appellant.

No. 91CA1060.

Colorado Court of Appeals,
Div. V.

Oct. 8, 1992.

Daniel E. Muse, City Atty., Morris P. Evans, Asst. City Atty., Denver, for petitioner-appellee.

Law Offices of Ruston, Boyer & Ruston, P.C., Lloyd L. Boyer, Denver, for respondent-appellant.

Opinion by Judge HUME.

Respondent, Andrew V. Martinez, appeals from an order confirming his certification for short-term treatment entered upon a jury verdict in proceedings conducted pursuant to § 27–10–101, et seq., C.R.S. (1989 Repl.Vol. 11B). We affirm.

I.

■ Respondent contends, for the first time on appeal, that the certification made by the professional staff of the facility conducting the evaluation was inadequate because one of the staff members who signed that certification was a psychiatrist in residency, rather than a licensed physician, and the physician who signed it did not have personal knowledge concerning the facts certified. We reject that contention.

Ordinarily, arguments based upon legal theories that were not presented to the trial court will not be considered on appeal.

*A.O. Smith Harvestore Products, Inc. v. Kallsen,* 817 P.2d 1038 (Colo.1991).

Here, respondent's challenge to the certification before the trial court was based solely upon the sufficiency of the facts as stated in the notice of certification and addendum thereto. No challenge was there asserted as to the qualifications of the professional staff to make the certification for short-term treatment.

Contrary to respondent's argument, the deficiency, if any, in the certification made by the treatment staff of Denver General Hospital affected neither the subject matter jurisdiction of the trial court nor respondent's right to proper notice and participation in a fair hearing so as to undermine his right to due process of law. *See People in Interest of Lynch,* 783 P.2d 848 (Colo.1989).

Accordingly, we decline to consider respondent's newly conceived theory and his argument advanced for the first time on appeal.

## II.

Respondent next contends that the trial court erred in admitting the testimony of the same two professional staff members as expert witnesses at the certification review hearing. We disagree.

■ The trial court has broad discretion in determining the qualifications of expert witnesses, and expert testimony should be admitted if it is based upon special knowledge that will assist the jurors in understanding the facts and determining the issues. *Scognamillo v. Olsen,* 795 P.2d 1357 (Colo.App.1990). Absent an abuse of the trial court's broad discretion, its admission of such evidence will not be disturbed on review. *Brewer v. American & Foreign Insurance Co.,* 837 P.2d 236 (Colo.App. 1992).

■ Here, evidence was presented that the resident had completed medical school, had been accepted into the approved residency program at Denver General Hospital, was responsible for performing independent diagnoses and providing treatment for mentally ill patients, had served similar duties at the Denver Veteran's Administration Hospital and the University Hospital, and was to sit for the examination for licensure as a physician in only one month. Under these circumstances, we find no abuse of the trial court's discretion in qualifying the resident as an expert in the field of psychiatry.

■ Nor are we persuaded that the court erred in admitting the testimony of the licensed physician based in part upon information received from the resident, together with the physician's own examination of hospital records, charts, hospital admission data, and his own observations of respondent. This is the kind of information customarily relied upon by experts in the field of psychiatry and upon which opinions may be based pursuant to CRE 703.

Here, despite the fact that he was aware of the resident's opinions and had considered them, the physician testified that he formulated his own expert opinion as to the respondent's mental illness and resulting condition based upon all of the information available to him. Hence, we perceive no abuse of the trial court's discretion in admitting the licensed supervising psychiatrist's expert testimony. *See People v. District Court,* 647 P.2d 1206 (Colo.1982).

## III.

Lastly, respondent contends that the evidence was insufficient to support the verdict and order confirming his certification for short-term treatment. We disagree.

If, as here, there is competent evidence in the record to support the jury's findings, such findings are binding on appeal. *City of Aurora v. Loveless,* 639 P.2d 1061 (Colo. 1981).

Order affirmed.

PLANK and MARQUEZ, JJ., concur.