James E. TRIONE and Marilyn Trione, Plaintiffs–Appellants and Cross–Appellees,

v.

MIKE WALLEN STANDARD, INC., a Colorado corporation, James Bradley, Defendants–Appellees and Cross–Appellants,

and

Dover Corporation, a Delaware corporation, Defendant–Appellee.

No. 93CA0973.

Colorado Court of Appeals, Div. IV.

Jan. 26, 1995.

Rehearing Denied March 23, 1995.

Certiorari Denied Sept. 5, 1995.

Schaden, Lampert & Lampert, Brian J. Lampert, Susanna Meissner–Cutler, Denver, for plaintiffs-appellants and cross-appellees.

Bayer, Carey & McGee, P.C., Gary L. Palumbo, Terry L. Lutts, Denver, for defendants-appellees and cross-appellants Mike Wallen Standard, Inc., and James Bradley.

The Mellon Law Firm, Joseph J. Mellon, Denver, for defendant-appellee Dover Corp.

Opinion by Judge ROTHENBERG.

Plaintiffs, Jim and Marilyn Trione, appeal from the judgment entered upon a jury verdict in favor of defendants, Mike Wallen Standard, Inc. (Standard), James Bradley, and Dover Corporation. We reverse and remand for a new trial.

In July 1986, defendant Bradley, an employee of defendant Standard, was driving a tow truck and towing a car to which he had attached an SW–33 steering wheel locking device. The locking device was designed, manufactured, and distributed by defendant Dover and secured the steering wheel of the towed vehicle to keep it from swaying from side to side, as it was towed from the rear.

Bradley was driving west. Plaintiffs were driving east on the same highway towards Bradley. As plaintiffs' vehicle approached Bradley's tow truck, the towed car swung into plaintiffs' lane of traffic, and the towed car hit plaintiffs' vehicle. Plaintiffs suffered severe damages.

Plaintiffs filed a complaint against Bradley and Standard, seeking damages for negligence. As part of their response and pursuant to § 13–21–111.5(3)(b), C.R.S. (1994 Cum. Supp.), Bradley and Standard designated Dover as a non-party tortfeasor.

In their designation, Bradley and Standard claimed that: (1) Bradley had attached the steering wheel locking device to the towed vehicle in the exact manner described in Dover's instructions for installation; (2) the device nevertheless came loose, allowing the towed vehicle to cross into plaintiffs' lane of traffic; and (3) the locking device was defective and unreasonably dangerous because it was not accompanied by adequate instructions and warnings.

Plaintiffs, Bradley, and Standard then stipulated to the filing of an amended complaint, making Dover a defendant and adding claims of negligence and strict products liability against Dover.

At trial, the jury returned a verdict in favor of all defendants.

Plaintiffs filed a motion for new trial on several grounds. The trial court granted the motion on the ground that it had erred in

giving a modified *res ipsa loquitur* instruction which prevented the jury from arriving at a fair verdict.

Dover then filed a motion for relief from the order for new trial, contending that the erroneous instruction applied only to Bradley and Standard. Approximately two years after the court had ordered the new trial as to all parties, it reversed itself and granted Dover's motion. The court found that: the erroneous instruction was never intended to and specifically did not implicate Dover; the jury had returned a special verdict finding Dover was not negligent or at fault; and on retrial the issue of whether Bradley was negligent was distinct and separate from the issue of the liability of Dover.

The trial court also concluded that the jury had been properly instructed on the issues of Dover's negligence and whether the product was defective, and that the jury had resolved these issues. Accordingly, the court determined that its order for new trial applied only to Standard and Bradley and that the previous jury verdict finding no negligence on the part of Dover was *res judicata* for purposes of the new trial.

Before the second trial, plaintiffs filed a motion *in limine* asking the court, *inter alia*, to: (1) instruct Bradley and Standard's counsel not to argue, infer, or blame the accident on the negligence, defective design, or failure to warn concerning the use and operation of the Dover product because that issue had been resolved by the jury verdict; and (2) preclude defendants Bradley and Standard from calling two tow truck drivers as experts to testify as to their experiences with, and previous failures of the Dover product, based on a lack of foundation showing any similarity between the experiences of the two witnesses and the facts of this case.

The trial court granted the motion as to the first issue. However, at the second trial, over plaintiffs' objection, the court permitted the defense to introduce certain evidence suggesting previous failures of the steering wheel device. The trial court deferred ruling on the second issue involving the tow truck drivers, but then permitted the drivers to testify as experts about their experience with Dover's product.

At the second trial, the only issue before the jury was whether Bradley and his employer, Standard, were negligent. The jury returned a verdict in favor of defendants Bradley and Standard.

## I. Order Granting New Trial

Two separate issues arise regarding the trial court's order granting a new trial. Defendants Standard and Bradley, in their cross-appeal, assert that the trial court erred in granting a new trial at all. Plaintiffs contend that the court erred in granting the motion for new trial only as to Bradley and Standard. We agree with plaintiffs that a new trial should have been ordered as to all defendants.

■ The granting of a new trial is within the sound discretion of the trial court and its ruling will not be disturbed in the absence of a clear showing of an abuse of discretion. *See Aspen Skiing Co. v. Peer*, 804 P.2d 166 (Colo.1991). Also, the trial court may grant a motion for new trial on all or part of the issues. C.R.C.P. 59(a)(1).

■ At the first trial, the court instructed the jury as follows:

*In determining whether or not the defendant, James Bradley, was negligent, if you find that the plaintiff, James Trione, or Marilyn Trione, incurred injuries caused by the SW33 Steering Wheel Lock, which was in the exclusive control of the defendant James Bradley, and that such injuries probably would not have been caused by the SW33 Steering Wheel Lock had the defendant exercised reasonable care, then the law presumes the defendant, James Bradley, was negligent, otherwise; the mere happening of an accident does not give rise to the presumption of negligence.* You must consider this presumption together with all the other evidence in the case in determining whether or not the *defendant, James Bradley, was negligent.* (emphasis added)

The court granted plaintiffs' motion for new trial, correctly concluding that it was error to include the sentence "the mere happening of an accident does not give rise to

the presumption of negligence" in this instruction. *See Kitto v. Gilbert,* 39 Colo.App. 374, 384, 570 P.2d 544, 551 (1977) ("To avoid confusing the jury, this instruction should not be given in a res ipsa loquitur case."). Accordingly, we reject defendants' contention that the trial court erred initially in granting plaintiffs a new trial.

However, we do agree with plaintiffs that the trial court erred in granting a partial new trial because their claims against Bradley, Standard, and Dover were so intertwined as to require a new trial against *all* defendants.

Initially, the trial court granted a new trial as to all parties. In its later ruling reversing itself, the court focused upon the specific error that necessitated the new trial and the fact that the plaintiffs had not tendered a *res ipsa loquitur* instruction as to Dover. The court reasoned that, since the erroneous *res ipsa loquitur* instruction applied only to Bradley's negligence and "did not implicate" Dover, a new trial could be conducted fairly without Dover.

In *Bassett v. O'Dell,* 178 Colo. 425, 427, 498 P.2d 1134, 1135 (1972), our supreme court stated that:

> [B]efore granting a partial new trial, it should clearly appear that the issue to be retried is entirely distinct and separable from the other issues involved in the case and that a partial retrial can be had without injustice to any party.

In *O'Dell,* the supreme court concluded that the issue of liability could not be separated from the issue of damages because they were inextricably interwoven.

■ In determining whether to grant a new trial based on part of the issues, the determinative considerations are those factors relating to fairness. The focus is on the relationship between the issues under the evidence and the practical logistics of retrial. *Kitto v. Gilbert, supra.*

■ Applying those principles here, we conclude that the issues to be retried are not "entirely distinct and separable from the other issues involved." *Bassett v. O'Dell, supra.* To the contrary, the facts relating to Dover's alleged liability and Bradley and Standard's

alleged liability as well as to their defenses are inextricably interwoven. This became evident at the second trial when evidence about Dover's product was introduced by plaintiff to show how the accident had occurred and by Bradley and Standard to support their defense of sudden equipment failure.

Defendants' witnesses at the second trial included two tow truck drivers testifying as experts who discussed previous failures of the same steering wheel locking device. One driver testified that the device could fail even if it was installed in accordance with the manufacturer's instructions. Such testimony concerning a previous failure of a similar locking device was tantamount to evidence of a defective product and permitted defendants Bradley and Standard to infer or blame the accident on the product, that is, the negligence, defective design, or failure to warn concerning the use and operation of the Dover steering wheel locking device.

One of the tow truck drivers also testified as follows:

> Question [Defendant's attorney]: Did you consider it—well, explain what your thoughts were about the [steering wheel locking] device as to why—what you learned from this experience that caused you not to use it.
>
> Answer [witness]: Oh, I believe I put the device on properly and *I did not trust the device any more and I was afraid the device would fail,* so from that time on I went to using rope. (emphasis added)

Again, the purpose of this testimony was to raise an inference that the locking device was defective and resulted in sudden equipment failure, and that the defective design or equipment failure was the sole cause of the collision.

In related testimony, one of the drivers testified that, in the previous incident, he had properly attached and tightened the locking device, that the towed vehicle had tracked properly for a period of time, and that it had suddenly swung out. He also testified that the bottom part of the locking device had come loose from the seat. Again, this was tantamount to evidence of a defective prod-

uct, even though it also proved the defense of sudden equipment failure.

Thus, references to Dover's product permeated the second trial and unfairly prejudiced plaintiffs' ability to present its claims against Bradley and Standard. As the trial court initially recognized in granting a new trial as to all parties, the potential for confusion by the jury was apparent. There was no way to exclude evidence about the product from the trial, because even if Dover was excluded, the jury could easily confuse evidence of Bradley and Standard's legitimate defenses with evidence relating to the product liability claims against Dover.

We therefore conclude that the trial court's original order granting a new trial was correct and that it abused its discretion in granting Dover's motion for relief from judgment and ordering a new trial only as to defendants Bradley and Standard. A new trial must be ordered as to all parties.

## II.

Among issues that may arise on retrial is plaintiffs' assertion that the trial court erred in refusing to give a "wrong side of the road" instruction. We agree and, upon retrial, such instruction should be given.

■ The form of instructions given at trial is within the sound discretion of the trial court. All of the court's instructions to the jury are to be read and considered as a whole in determining whether all the necessary law has been correctly stated to the jury. A judgment will not be reversed for refusal of the trial court to give requested instructions when there was not resulting substantial, prejudicial error. *Armentrout v. FMC Corp.,* 842 P.2d 175 (Colo.1992).

■ However, parties are entitled to a jury instruction as to their legal theory when the instruction is consistent with existing law and is supported by the evidence. *See White v. Caterpillar,* 867 P.2d 100 (Colo.App.1993).

At trial, plaintiffs tendered the following instruction which the court refused:

'Presumptions' are rules based upon experience or public policy and established in

the law to assist the jury in ascertaining the truth.

When vehicles collide, the law presumes, [and you must find], that the driver who was in control of a vehicle which was on the wrong side of the road at the time of the collision was negligent.

If you find by a preponderance of the evidence that the vehicle towed by defendant, James Bradley, was on the wrong side of the road at the time of the collision, then the law presumes, and you must find, that defendant, James Bradley, was negligent. You must consider this presumption together with all the other evidence in the case in determining whether or not James Bradley was negligent.

■ This instruction was derived from *CJI–Civ.3d* 11:10 (1988) which states: "When vehicles collide, the law presumes ... that a driver who was on the wrong side of the road at the time of the collision was negligent." *See also Griffiths v. State,* 725 P.2d 49 (Colo. App.1986) (wrong side of the road instruction proper under evidence showing driver lost control of his vehicle and crossed the center line of the highway); *Dolan v. Mitchell,* 179 Colo. 359, 502 P.2d 72 (1972) (court erred in refusing to give wrong side of the road instruction when evidence supported defendant's contention that plaintiff drove his car on wrong side of the highway).

Here, defendants argue the instruction was not required because plaintiffs' theory of the case was that Bradley was negligent in the manner in which he attached the steering wheel locking device to the towed vehicle. According to defendants, because plaintiff did not claim that Bradley drove his tow truck negligently, the instruction was inapplicable. We do not view the instruction so narrowly.

A presumption is simply a rule based upon experience or public policy established in the law to assist the jury in uncovering the truth. *CJI–Civ.3d* 3:5A (1988). This particular presumption follows the requirement that, with limited exceptions, vehicles must be driven upon the right half of a roadway. Section 42–4–901, C.R.S. (1993 Repl.Vol. 17). And, a driver is permitted to rely reasonably on the fact that approaching drivers will obey the

law and remain in the proper lane. The instruction thus creates a logical inference that drivers whose vehicles are on the wrong side of the road at the time of a collision are presumed negligent, absent some reasonable explanation showing otherwise.

The instruction also creates a logical inference that drivers who are towing items, such as a car or a boat, must ensure that the towed item remains on the right side of the road. When a towed item is on the wrong side of the road and a collision occurs, the driver who has control over the towing vehicle is presumed to be negligent, absent a reasonable explanation showing otherwise.

Here, it is undisputed that Bradley was driving a tow truck and that he had or was duty-bound to have "actual physical control" over his towed vehicle. *See* § 42–4–506, C.R.S. (1994 Cum.Supp.) (requirements when one vehicle tows another). *See also* § 42–1–102(58), C.R.S. (1994 Cum.Supp.) (defining "motor vehicle") and *Bertrand v. Board of County Commissioners*, 872 P.2d 223 (Colo. 1994) (separately defining "motor vehicle" for purposes of Governmental Immunity Act)).

It is further undisputed that, at the time of the collision, the towed vehicle over which Bradley had actual and exclusive physical control was on the wrong side of the road. Finally, there is no contention that the plaintiffs were in any manner at fault.

Under these circumstances, we conclude that Bradley was a driver whose vehicle was on the wrong side of the road for the purposes of *CJI–Civ.3d* 11:10 (1988) and that the presumption applied. Accordingly, the trial court erred in refusing to give the tendered instruction. *See generally* Annot., 30 A.L.R.2d 1019 (1953) (liability for injury incident to towing automobile).

■ A trial court is obligated correctly to instruct the jury on the law applicable to the case. *Jordan v. Bogner*, 844 P.2d 664 (Colo. 1993). Since this instruction was requested and refused at both trials, both of which resulted in verdicts for defendants Bradley and Standard, it is reasonable to conclude that the error in the jury instruction caused significant prejudice to plaintiffs and would also constitute a separate basis for reversal.

*See Brady v. Burlington Northern R.R. Co.*, 752 P.2d 592 (Colo.App.1988).

## III.

■ Plaintiffs also contend the trial court erred at both trials in giving defendants Bradley and Standard an instruction as to the "sudden equipment failure" defense. More specifically, the court instructed the jury that a user is not negligent because of the failure of equipment if he has "done all that would be expected of a reasonable careful user of the equipment." We conclude there was no error.

■ If the operator or person in charge of a vehicle has done all that would be expected of an ordinarily prudent person, and a failure of his or her equipment occurs, not reasonably foreseen, he or she is not liable for negligence. *Eddy v. McAninch*, 141 Colo. 223, 347 P.2d 499 (1959). *See also CJI–Civ.3d* 11:13 (1988).

Here, Bradley's theory of the case was that the towed car swerved while it was being towed because of an unanticipated failure of the steering wheel locking device, the unexpected movement of the seat or wheels of the towed vehicle, or some other unexpected failure of the towed vehicle. Bradley testified that he had correctly attached the locking device but that the car had nevertheless swerved into oncoming traffic.

If there is similar testimony on retrial, such an instruction should be given, if requested.

## IV.

Next, plaintiffs contend that the trial court erred in permitting the two tow truck drivers called by defendants Bradley and Standard to testify as experts. We disagree.

■ The trial court has broad discretion in determining the qualifications of expert witnesses and the admissibility of expert testimony. Expert testimony is admissible if it is based upon special knowledge that will assist the jurors in understanding the facts and determining the issues. Absent an abuse of the trial court's discretion, its admission of such evidence will not be dis-

turbed on review. *People in Interest of Martinez*, 841 P.2d 383 (Colo.App.1992).

■ Also, rulings on the relevancy of evidence are within the sound discretion of the trial court and are not to be disturbed unless the record demonstrates an abuse of that discretion. *Frost v. Schroeder & Co.*, 876 P.2d 126 (Colo.App.1994).

■ Since a new trial has been ordered as to all parties, such witnesses may testify as experts and give their opinions, provided that a proper foundation is laid for their testimony.

## V. Cross–Appeal

Defendants Bradley and Standard cross-appeal and raise two additional contentions. The first contention is without merit and the second is now moot.

### A.

Defendants Bradley and Standard first contend the trial court erred in giving a *res ipsa loquitur* instruction in the second trial. We disagree.

■ Under the doctrine of *res ipsa loquitur*, it may be inferred that the harm suffered by the plaintiff is caused by the negligence of the defendant when: (1) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; (2) the event is the kind which ordinarily does not occur in the absence of negligence; and (3) the negligence is within the scope of the defendant's duty to plaintiff. *Montgomery Elevator Co. v. Gordon*, 619 P.2d 66 (Colo.1980).

■ Whether the doctrine of *res ipsa loquitur* is applicable is a question of law. *Zimmer v. Celebrities, Inc.*, 44 Colo.App. 515, 615 P.2d 76 (1980). If the trial court, viewing all of the evidence and inferences in a light most favorable to the plaintiff does not find that it is more likely than not that defendant's negligence was the cause of plaintiff's injury, then the doctrine is inapplicable. *Holmes v. Gamble*, 655 P.2d 405 (Colo.1982).

■ Here, we agree with the trial court that an instruction on *res ipsa loquitur* was proper. It is conceded that no voluntary act of the plaintiffs was a causative factor of the accident. Further, the plaintiffs had no warning whatsoever of the accident and were removed immediately from the accident scene by ambulance. And, although plaintiffs presented expert reconstruction testimony about the probable cause of the accident, no direct evidence existed establishing that a specific act of negligence was the only likely cause of the harm. The mere introduction of evidence as to how an accident could have occurred and its possible causes does not necessarily preclude application of *res ipsa loquitur* so long as that evidence does not clearly resolve the issue of culpability. *See Kitto v. Gilbert, supra.*

It is undisputed that defendant Bradley had exclusive control of the instrumentality that caused the accident, namely the tow truck and the towed vehicle. Thus, it was entirely reasonable under these particular circumstances to invoke the doctrine of *res ipsa loquitur* as to defendants Bradley and Standard. *See Manzi v. Montgomery Elevator Co.*, 865 P.2d 902 (Colo.App.1993). *See also Imig v. Beck*, 115 Ill.2d 18, 104 Ill.Dec. 767, 503 N.E.2d 324 (1986) (*res ipsa loquitur* applied in case involving almost identical facts).

### B.

Finally, defendants Bradley and Standard contend that the trial court erred in refusing to allow the jury to consider the fault of Dover as a designated non-party at the second trial. However, this issue is now moot since a new trial has been ordered which includes Dover as a party.

The judgment is reversed, and the cause is remanded for a new trial against all defendants consistent with this opinion.

MARQUEZ and CASEBOLT, JJ., concur.