**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TODD KENNETH HOROB,

          Plaintiff - Appellant,

   v.

McCONE COUNTY,

          Defendant - Appellee.

No. 11-35023

D.C. No. 1:09-cv-00156-RFC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

    Todd Kenneth Horob appeals pro se from the district court's summary

judgment in his action alleging federal and state law claims in connection with his

pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

novo.  *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).  We affirm.

The district court properly granted summary judgment because Horob failed to introduce admissible evidence sufficient to establish a genuine dispute of material fact as to whether he was adversely affected by a lack of wheelchair access during a court hearing and whether defendant's actions or omissions caused him to lose vision in one of his eyes.  *See id*. at 1045 ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) (setting forth elements of an Americans with Disabilities Act claim, including the requirement that a plaintiff be a qualified individual with a disability); *Gibson v. County of Washoe, Nev*., 290 F.3d 1175, 1185 (9th Cir. 2002) (explaining the limited bases for municipal liability under 42 U.S.C. § 1983); *Moralli v. Lake County*, 839 P.2d 1287, 1291 (Mont. 1992) (state law medical negligence claim requires expert testimony to establish causation if cause of injury is not obvious).

Horob's contentions concerning alleged fraud and the denial of discovery motions are rejected.

**AFFIRMED**.