No. 17,014.

KING ET AL. *v.* AVILA.
(259 P. [2d] 268)

Decided June 8, 1953. Rehearing denied June 22, 1953.

Messrs. WOLVINGTON & WORMWOOD, for plaintiffs in error.

Mr. EUGENE A. BOND, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

JOSE O. AVILA, JR., a minor, by his father and next friend, Jose O. Avila, Sr., instituted an action against Edward Foster King and Felice King to recover a judgment for damages resulting from injuries arising out of an automobile accident.

The case was tried to a jury, which returned a verdict in favor of plaintiff, awarding damages in the sum of $2,000.00. Plaintiff, being dissatisfied with the verdict, filed his motion for a new trial on the issue of damages only, which motion was granted, and on retrial the jury returned a verdict in favor of plaintiff and against defendants in the sum of $14,954.61, upon which verdict judgment was entered. Defendants bring the cause to our court by writ of error, seeking a reversal of the judgment.

We will herein refer to the parties as plaintiff and defendants as they appeared in the trial court.

The record discloses that the accident occurred in Alamosa county on December 23, 1950, at about 6:30 o'clock P. M. Plaintiff and several of his companions were journeying by auto from Leadville, Colorado, to New Mexico, driving in a southerly direction, and defendants were driving their automobile in a northerly direction. The left front tire on plaintiff's automobile "blew out," and at the time of the accident plaintiff and his companions had removed the tire from the wheel and were repairing it, standing in front of the auto, with the dimmed headlights burning. The highway at the point of the accident was an oiled highway, twenty-two feet in width, and the right wheels of plaintiff's automobile were from two to three feet off the oiled portion of the highway. Defendants were traveling at a speed of thirty to thirty-five miles per hour and had observed the headlights on plaintiff's car for a distance of half a mile or more. Immediately on approaching plaintiff's car, defendants left their lane of travel, crossed the highway, and their car crashed head on into plaintiff's car, with sufficient force to move the latter's car backward for a distance of fifteen feet, and seriously injuring plaintiff, who was at the particular moment of the crash directly in front of his own automobile.

There were no objections to the court's instructions on the questions of negligence and the measure of dam-

ages. The evidence discloses that as a result of the accident plaintiff had a permanent disability to his hand; his leg; his face and ear; facial disfigurement and facial paralysis. As a result of the facial paralysis, his eyelid remains open even while he is sleeping, and, in the opinion of one of the physicians, this injury, unless corrected by surgery, will probably result in loss of vision in that eye.

After the accident plaintiff, in an unconscious condition, was removed to a hospital in Alamosa, where he was confined for a period of several weeks, and then was removed to a hospital in Leadville, where he remained for about nine days, at the conclusion of which time he was removed to his parents' home in Leadville, where he was, by reason of his injuries, confined for a long period of time.

The testimony of four doctors was taken by deposition, and by stipulation a fifth doctor's testimony was received. Three of the doctors, two of whom were originally called by defendants, were well-known experts, and they testified that as a result of the injury plaintiff suffered a disability equal to thirty to thirty-five per cent of the use of his left leg at the knee and twenty to thirty per cent loss of the use of his right hand at the wrist. Those who testified with reference thereto classified the injury to plaintiff's face and eye as a permanent injury and expressed doubt as to the advisability of surgery. The only doctor who was questioned with reference thereto expressed the opinion that the injury to the left side of plaintiff's face, with resultant paralysis, would probably result in the loss of vision of that eye.

Plaintiff, during the calendar year 1950, earned $1,-185.20, and during the calendar year 1951 his gross income was $652.76. He was employed as a laborer for $8.00 a day, with a forty-hour work-week. He worked a total of approximately thirty-eight days prior to October, 1951, and this without the knowledge and consent of his physician who had not released him from medical care

until November 21, 1951. Plaintiff was unable to secure steady employment because of the permanent injuries received in the accident; when he was employed his wages were less than those currently paid fellow employees; this because of his disabilities. He was twenty years of age at the time of the accident, and had a life expectancy of 41.53 years. Plaintiff became obligated for hospital and medical expenses in the sum of $648.23.

On the first trial, resulting in a verdict of $2,000.00 in plaintiff's favor, which verdict was set aside by the court and a new trial granted on the issue of damages only, the court, without objection, gave the following instruction on the measure of damages:

"In awarding damages to the plaintiff you should take into consideration the nature and extent of his injuries, whether or not the injuries were temporary or permanent, the pain, suffering and mental anguish, if any, including permanent disability, if any, and its effect, if any, upon the plaintiff, loss of earnings, the reasonable amount expended for hospital and medical expenses, and all other facts and circumstances as shown by the evidence bearing on the nature and extent of the injuries suffered as a proximate result of this accident, but not to exceed the amounts heretofore mentioned as prayed for by the plaintiff in his complaint.

"There is no value that can be placed on pain or suffering, either physical or mental, and no scale of prices can be submitted to you by which you are to fix the amount of damages. No particular evidence is required to be adduced as to the exact amount of damages, if any, you should allow the plaintiff, but you must arrive at the amount of compensatory damages, if any, by a consideration of all the evidence in the case. In your deliberations, you should be controlled largely by what may be termed a common sense view. You should make such a finding as is justified by your conscience after considering all the circumstances shown by a preponderance of all the evidence in the case. In doing this you are en-

titled to consider the length of plaintiff's suffering, the nature of the injury, the age, condition of health, habits and pursuits of the plaintiff."

The jury in the first trial awarded plaintiff damages in the sum of $2,000.00, as we have said, and his counsel filed a motion for a new trial on the issue of damages only. In passing upon this motion the trial court stated:

"If, under the defenses, under the evidence that was presented in both of the defenses, the jury had found for the defendants I would have felt constrained not to interfere with that verdict. I would have felt powerless to do so. I do feel bound by the verdict which found generally in favor of the plaintiff and against the defendants.

"In the matter of the award of damages in that case I am not unmindful of the rule that only in exceptional, or extraordinary, cases should the court interfere with the verdict of a jury. In the instant case I feel that there was an utter disregard, by the jury, of the instruction going to the measure of damages to which the plaintiff was entitled in the event the issues should be found in his behalf.

"The jury were instructed in part: 'In awarding damages to each of the plaintiffs you should take into consideration the nature and extent of his injuries, whether or not the injuries were temporary or permanent, the pain, suffering and mental anguish, if any, including permanent disfigurement, if any, and its effect, if any, upon such plaintiff, loss of earnings, the reasonable amount expended for hospital and medical expenses, and all other facts and circumstances as shown by the evidence bearing on the nature and extent of the injuries suffered as a proximate result of this accident, but not to exceed the amount heretofore mentioned as prayed for by the plaintiffs in their respective complaints.'

"The evidence was undisputed as to the amount expended by the plaintiff, or the amount which the plaintiff obligated himself to expend, for medical and hospital

services, his loss of time, his permanent injuries; which all of the physicians agree are permanent injuries measured to his leg measured at the knee; the injury to his hand measured at the wrist.

"It is apparent that the jury gave no consideration in its award to some of these matters which, in the Court's opinion, were necessary elements in fixing damages in a negligence case.

"Apparently no consideration was given for pain and suffering; for facial disfigurement or for the injury to the nerve centers about the eye; all of which were undisputed.

"The Court feels that the case comes within the rule where there was such an utter disregard on the part of the jury to follow the instructions given that I am constrained to find the motion for a new trial and to set aside the verdict, insofar as damages are concerned, should be granted and a new trial had upon the issue of damages alone and that will be the order."

On the second trial, where only the question of the amount of damages to be awarded to plaintiff was considered by the jury, practically all of the evidence introduced on the first trial was again introduced. The doctors' depositions were read to the jury, and the testimony of one doctor was admitted by stipulation. The trial court instructed the jury on the measure of damages without objection thereto in practically, if not the identical language used in this instruction in the first trial. Verdict was in plaintiff's favor, and the damages assessed at $14,954.61 together with interest thereon, for which, as hereinbefore stated, judgment was entered.

After the verdict awarding plaintiff damages in the sum of $14,954.61, defendants filed a motion: (1) To set aside the verdict and reinstate the verdict for $2,000.00, or (2), in the alternative, a motion for a new trial assigning as error the setting aside of the $2,000.00 verdict, and (3), moving that the $14,954.61 verdict be set aside and a new trial granted on all of the issues. This motion

was denied. The court in denying this motion stated:

"There is very little conflict of testimony in this case. The court felt at the time a new trial was granted that upon the issue of damage alone that the jury had flagrantly disregarded the instructions and had failed, and did fail, to take into consideration the matter of permanent disability of the plaintiff; the matter of pain and suffering; the matter of facial disfigurement, and loss of future earnings. It was for that reason the motion for new trial was granted and the court at that time saw no reason to submit the case to another jury upon the issue of negligence and at this time feels that the verdict of the jury upon the issue of negligence was correct and that the verdict awarding damages to the plaintiff were and is inadequate, and the motion to reinstate the verdict rendered by the jury in the first trial will be overruled.

"At the trial of the case upon the issue of damages only it was agreed by all of the physicians and surgeons who testified that the plaintiff is partially, permanently disabled. Additional medical testimony was introduced at the second trial, which was undisputed, that the plaintiff was partially permanently disabled as a working unit to the extent of 25%. Further medical testimony disclosed that due to the nature of the injury to the nerve controlling the left eye lid that unless the plaintiff obtained future surgery in an endeavor to correct that situation the plaintiff will become totally blind in his left eye.

"The exhibits to which objection has been made were taken at a time when the plaintiff, according to the undisputed testimony in the case, was undergoing severe pain and anguish, and it is undisputed that the portraits accurately portray his condition at that time were properly introduced in evidence.

"The jury were properly instructed as to all matters to be taken into consideration in awarding damages to the plaintiff and no objection was offered to such an instruction. The court feels that the verdict of the jury,

under all of the evidence in the case, was not excessive and that the motion for a new trial be overruled."

The points urged here by defendants for reversal of the judgment are: 1. The error in granting plaintiff's motion for a new trial on the issue of damages only; 2. the new trial, if granted, should have been upon all of the issues; 3. denial of defendants' motion to set aside the verdict and grant a new trial on all issues; 4. the verdict is excessive. We believe that these points may properly be discussed under two subheads: 1. Did the trial court err in setting aside the verdict and granting a new trial on the issue of damages alone; 2. is the verdict of the jury excessive? 1. Our rule 59, R.C.P. Colo., provides: "A new trial may be granted to all or any of the parties, and on all or part of the issues, after trial by jury, court or master. * * * Subject to the provisions of Rule 61, a new trial may be granted for any of the following causes: * * * (5) Excessive or inadequate damages."

The antecedent rules pertinent to the retrial of one issue are rules 6 and 54 of the Rules of the Supreme Court of the State of Colorado, 1929. We venture the opinion that in the absence of any rule such as our rule 59, supra, and rules 6 and 54, supra, the court has the inherent power to effectuate the purposes of these rules.

 A reading of the record forces the conclusion that the overwhelming evidence established that defendants were guilty of gross negligence which was the proximate cause of plaintiff's injuries. There was no evidence of plaintiff's contributory negligence. The undisputed testimony of all of the physicians and experts is that plaintiff is seriously and permanently injured; he has a life expectancy of more than forty-one years; he earned $1,185.20 in the year 1950, prior to the accident, and in the following year, due to his injuries, his gross earnings were $652.76. His face is disfigured and partially paralyzed, and the undisputed testimony is that in the absence of surgery, with some considerable doubt as to its efficacy, he will lose the sight of an eye and the side

of his face will remain paralyzed. That there was pain, suffering and mental anguish resulting from the accident is evident. Plaintiff is a laborer, and his permanent injuries of the leg and wrist seriously interfere with, if they do not prevent, his following his ordinary occupation.

Defendants call our attention to the decision in *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P. (2d) 382, and cite therefrom in support of their contention that error was committed in granting a retrial on the question of damages only. It should be noted that in that case the court, without objection, instructed the jury that plaintiffs' damages were limited to their net pecuniary loss resulting from the death of their son. There was no evidence whatever of any pecuniary loss resulting to the deceased child's parents. In considering rule 59, R.C.P. Colo., we held that it was an abuse of discretion for the trial court to set aside the verdict and grant a new trial on the question of damages only "unless, under the evidence, it can be definitely said that the verdict is *grossly and manifestly inadequate, or unless the amount thereof is so small as to clearly and definitely indicate that the jury neglected to take into consideration evidence of pecuniary loss* or were influenced either by prejudice, passion or other improper consideration." (Italics ours)

We held that there was no evidence in the record indicating that the jurors were improperly influenced in their verdict, and, consequently, the trial court abused its discretion in granting the motion for new trial based solely on the inadequacy of the damages.

In *Whiteside v. Harvey,* 124 Colo. 561, 239 P. (2d) 989, the evidence disclosed that a truck owned by defendant crashed into a building owned by plaintiff, and, while defendant's liability for the damages was seriously questioned, the fact that plaintiff was damaged was not challenged. The jury returned a verdict in plaintiff's favor for $2,147.38, and plaintiff, being dissatisfied with the verdict, moved for a retrial on the issue of damages only,

basing it upon the fact that the verdict was inadequate to compensate plaintiff for the loss shown by the evidence, and that there was no evidence to support the verdict returned. Plaintiff's motion was denied. Defendant's witness, a contractor, testified that it would require an expenditure of $3,608.14 to repair the damage done by defendant's automobile, and plaintiff's witnesses—two contractors—testified that it would require between $4,700.00 and $4,800.00 for repairs. The jury was instructed that if the repairs resulted in the betterment of the building, no damages could be awarded for that item.

Mr. Justice Holland, author of the court's opinion, stated: "We find no evidence whatever to the effect that the structure was bettered after the repairs; and we find no basis for the exact figure of the judgment. The verdict being in odd figures denotes an attempted calculation and some deliberation; however, on the face of the judgment, either error appears, or a gross inadequacy, if the evidence of the contractors was to be followed at all. The field in which the jury was to find the damage was between the low estimate of $3300.00 by defendant's contractor and $4450.76, the high estimate of one of plaintiff's contractors. These estimates leave no doubt that the judgment is inadequate and especially in face of the undisputed evidence that plaintiff actually paid out the sum of $4758.87 as *the cost of putting the building back into its condition before the accident.*" (Italics ours.) The case was remanded to the district court for a retrial of the sole issue of damages.

In *Murrow v. Whiteley,* 125 Colo. 392, 244 P. (2d) 657, we had before us a personal injury action in which the jury's verdict was exactly the sum total of plaintiff's expenditures in hospital and physicians fees, incidental expenditures, and loss of income during her illness. The undisputed evidence was that she was seriously injured, and the physician's testimony was that her permanent disability resulting from the injury was thirty per cent. Plaintiff moved for a new trial limited to the issue of the

amount of damages only, and this motion was denied. We said that there were three distinct and separate issues for the jury's determination: first, was plaintiff a guest; second, were her injuries proximately caused by the intoxicated condition of the driver; third, if the first two questions were determined in plaintiff's favor, the damages to which she was entitled. We said that the first and second were separate and distinct issues, wholly unrelated to the third, which was for the jury's determination, under the evidence and the instructions of the court, of the damages to which plaintiff was entitled. We concluded that the trial court erred in denying plaintiff's motion for a retrial on the question of damages only and cited in support of our conclusion a number of decisions from other jurisdictions, a repetition of which we conclude will unnecessarily prolong this decision. However, in *Murrow v. Whiteley, supra,* we announced a principle of law which we then, and now, believe to be sound and supported by authorities from this and other jurisdictions, and we are not disposed to depart therefrom.

Defendants, in an effort to substantiate their position that the trial court abused its discretion in setting aside the $2,000.00 verdict, say, " * * * The plaintiff earned $652.76 the twelve months following the accident. So that the year following the accident he earned $532.44 less than he did the year before the accident. Allowing $589.13 [$648.23] for hospital and medical expenses and $532.44 for loss of earnings, we have $878.43 [$699.01] for such other damages such as pain, suffering and disability, which are peculiarly within the province of the jury." If a jury, on uncontradicted evidence, finds that a young man with a life expectancy of over forty-one years, who has a permanent disability of approximately thirty per cent of the leg at the knee and arm at the wrist, with facial paralysis and an injured eye and ear, together with a disability of twenty-five per cent as a working unit, and who, because of his injuries was con-

fined in hospitals for more than a month suffering from injuries proximately caused by defendants' negligence is entitled to only $699.01, we cannot be persuaded that it followed the instructions of the court, which properly stated the law on the measure of damages.

Our opinions in *Lehrer v. Lorenzen, Whiteside v. Harvey,* and *Murrow v. Whiteley,* effectively and definitely dispose of defendants' insistence that the trial court abused its discretion in granting a new trial on the issue of damages alone. A two thousand dollar verdict was grossly and manifestly inadequate, clearly indicating that the court's instruction on the measure of damages was not followed by the jury.

The permanency of plaintiff's injuries, as we have heretofore enumerated them, his pain and suffering, his reduction from a status of a laborer to a disabled employee at a reduced wage, together with his life expectancy, all should be taken into consideration in fixing the amount of damages to which he was entitled when it is established by overwhelming evidence, and the jury found, that all this was proximately caused by defendant's negligence. It is—as we have shown—insisted by defendants that when the jury returned its verdict in the first trial, a mathematical demonstration, incorrectly computed, gave the plaintiff the sum of $878.43 for the total disabilities and permanent handicap under which he must continue to live. We cannot agree with that position. The instruction on the measure of damages, to which no objection was interposed, made it the special prerogative of the jury to determine what monetary consideration would compensate plaintiff for his injuries. There was competent evidence before the jury to support its verdict in the sum of $14,954.61, and we will not disturb the judgment based thereon. The verdict in this amount is not excessive.

Our study of the record and briefs convince us that there is no error in the record. Accordingly the judgment is affirmed.