No. 20,644.

GOLDIE PREUSS *v.* A. E. SCHOONOVER, ET AL.
(891 P. [2d] 880)

Decided May 4, 1964.

Mr. BRUCE OWNBEY, Mr. DAVID G. MANTER, for plaintiff in error.

Messrs. WOOD, RIS & HAMES, Mr. JAMES E. ELLIOTT, JR., for defendants in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFF in error, Goldie Preuss, was the plaintiff in the trial court and defendants in error were defendants there.

Plaintiff sought to recover for injuries allegedly sustained when a truck in which she was riding was struck from the rear by a truck driven by the defendant Schoonover. She alleged that she had suffered temporary and permanent injury, great pain and suffering, medical expense and future medical expense and loss of earnings, all to her damage in the amount of $40,000.00.

Trial was to the court which awarded the plaintiff $300.00 as compensation for her injuries. The trial judge found that the plaintiff suffered a "minor whiplash which was directly attributable to the accident" and that there were "some damages attributable to the accident but that they [were] very limited in scope." The only issue presented by the writ of error is the plaintiff's claim that the award was inadequate as a matter of law.

■ Two familiar rules serve as guideposts in determining the issue here: (1) the evidence must be viewed in the light most favorable to the party seeking to sustain the judgment, *Venetucci v. City of Colorado Springs,* 99 Colo. 389, 63 P. (2d) 462; and (2) the trier of the facts is clothed with a wide discretion in fixing the amount of damages and its award will not be disturbed unless the amount awarded is grossly and manifestly inadequate or so small as to indicate that the court neglected to take into consideration evidence of pecuniary loss or was influenced by prejudice, passion, or other considerations. *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P. (2d) 382; *Bigler v. Richards,* 151 Colo. 325, 377 P. (2d)

552; *Cottingham v. Star Bus Line,* 152 Colo. 188, 381 P. (2d) 25. Applying these rules to the situation before us it is at once apparent that the judgment of the trial court must be affirmed.

The plaintiff's testimony showed that on the day after the accident she had consulted her family physician because of pain in her neck and back. She did not see a physician again until she was examined on behalf of the defendant some six months later and thereafter not again until just before trial of this case. She testified that she was in good health and had no headaches and no backaches before the accident, but that since the accident she has had pains in her neck and head, her shoulders, her back and sometimes numbness in her left arm and her left leg. She also said that she could no longer help on the farm as she used to do, that she needed help with her domestic duties and that she had turned down employment as a store clerk. No evidence was presented on her behalf to show any amount of pecuniary loss to her — no medical bill was presented, no amount of wages lost was even attempted to be shown, no showing was made of any extra help actually hired. The plaintiff's husband corroborated her testimony with respect to her statements that she was unable to carry on her duties in the same manner as she had before the accident.

Viewed in the light most favorable to the judgment, the medical evidence presented by the plaintiff indicated that at the time of trial she was suffering some pain; that she had mild tenderness, but that such condition could have existed for many years prior to the accident; that the accident was linked to only a part of her problem; that she had pre-existing arthritis and that the whiplash injury was minor in nature. Her personal physician examined her shortly before trial and found no muscle spasm, no limitation of motion, no loss of muscle tone, and no demonstrable neurological defects. He also testified that the plaintiff's pain was functional

in origin and that while some of this was due to the accident she had functional distress before the accident.

Plaintiff relies heavily on *Staples v. Langley*, 148 Colo. 498, 366 P. (2d) 861, to justify her position that the evidence in this case demands a reversal. We do not view that case as controlling here. In *Staples*, the jury found liability but made no award at all for personal injury despite the undisputed testimony that plaintiff suffered some personal injury as a result of the accident with resultant hospital and medical expense. In the case at bar the trial court did award such damages for the injuries sustained in the accident as it deemed proper on the basis of the evidence which in its opinion disclosed only a minor injury, limited in scope.

It was the trial court's function to evaluate the evidence concerning the extent of the injury suffered by the plaintiff as a result of the accident and, having observed the witnesses, to determine proper compensation therefor. Viewing the record here in the light most favorable to the defendant we conclude that it cannot be said as a matter of law that the trial court's award was so grossly inadequate as to shock the conscience and compel a new trial on the issue of damages.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE HALL concur.