471 P.2d 618 (1970)
Joseph E. BRNCIC, and the City and County of Denver, State of Colorado, a Municipal Corporation, Plaintiffs in Error,
v.
Virginia M. METZ, Defendant in Error.
No. 70-090, (Supreme Court No. 22787.)
Colorado Court of Appeals, Div. II.
April 28, 1970.
Max P. Zall, City Atty., Ty R. Williams, Thomas A. Gilliam, Lloyd K. Shinsato, Asst. City Attys., Denver, for plaintiffs in error.
Kripke, Hoffman, Carrigan & Dufty, P.C., Kenneth N. Kripke, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado, and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties will be referred to as they appeared in the trial court, wherein defendant in error, Virginia Metz, was plaintiff, and plaintiffs in error were defendants.
The case involves injuries sustained by plaintiff as a result of a head-on collision in February 1960 between a Denver City. truck driven by Brncic and an automobile in which plaintiff was a passenger.
As a result of the collision plaintiff was taken to Denver General Hospital, where she received emergency treatment. Shortly thereafter, plaintiff was transferred to Presbyterian Hospital where she received further treatment. The medical examinations at the time disclosed a fracture of the right tibia, undisplaced; a sprained ankle, scalp abrasions; leg lacerations; and acute neck pain. One of her doctors testified that plaintiff still complained of neck pains when he saw her in May, 1960. A third *619 physician examined plaintiff in September of 1960 and concluded that there existed possible injury to one or more of the cervical discs in her neck. He then referred plaintiff to a neurological surgeon for treatment of this neck injury.
This surgeon testified that between 1961 and 1965, five operations were performed on plaintiff's neck in attempting to alleviate the pain. After the fifth operation the pain was generally relieved, although plaintiff had but 50 percent mobility in her neck due to the necessity of fusing the cervical discs.
Plaintiff initiated this suit seeking $75,000.00 for damages allegedly sustained as a result of defendants' negligence.
Trial was to a jury which found defendants liable and awarded plaintiff $8,500.00 in damages. Over defendants' objections, plaintiff's motion for new trial on the issue of damages alone was granted. By stipulation of the parties, a jury was waived in the second trial, which was heard by a different judge. At the conclusion of this trial, the court found that defendants' negligence had caused the injuries complained of by plaintiff; found that plaintiff had incurred $6,969.69 in medical expenses and had lost $21,677.50 in earnings; and found that plaintiff had suffered pain and incurred a degree of permanent disability. The court entered judgment for plaintiff in the amount of $48,342.19.
The question for review concerns the propriety of the trial court's granting the motion for new trial on the issue of damages alone after the first trial.
In the instant case the trial court determined that the $8,500.00 in damages awarded by the jury was manifestly inadequate in light of plaintiff's injuries sustained as a result of defendants' negligence. We concur with that determination.
The issue before this court is not defendants' negligence, but the extent of plaintiff's damages sustained as a result of defendants' negligence. Defendants do not seriously contest the expenses incurred or loss of earnings suffered by plaintiff as a result of the injury to her neckthe total sum being far in excess of the $8,500.00 verdict rendered by the jury. It is defendants' theory that the $8,500.00 was adequate compensation because plaintiff failed to prove to the satisfaction of the jury that this neck injury was proximately caused by the collision.
In support of this theory, defendants called upon two doctors, who both testified that, although plaintiff was in good health prior to the accident with no record of previous injury, in all probability the accident did not cause the injury complained of. Neither, however, offered any logical explanation as to what might have caused the acute neck pain which developed immediately after the accident.
Plaintiff asserts that the neck injury was caused by the collision, and since defendants were found liable for that collision, she is entitled to full compensation for that injury. In support of her position, plaintiff brought forth several doctors who testified as to the extent of the injury, the treatment required and expenses incurred. It was their opinion that the injury complained of was a consequence of the collision.
One of the doctors called upon to testify in plaintiff's behalf was out of the city and unable to be present at the trial. Another of plaintiff's doctors was unable to be present because of his illness at the time of the trial. This resulted in their evidence being submitted in the form of a deposition and medical reports. This factor may have been influential in the jury's decision since the mere insertion of depositions and medical reports into the proceedings might have less of an impact on the jury than would oral testimony, possibly resulting in the jury's failure to give such evidence sufficient consideration in assessing the damages caused by the accident.
If it is determined by the trial court that the ends of justice were not fully served by the proceedings, then it is its right to grant a new trial in order to insure *620 that justice is accomplished. As was stated in Seidel v. Yeadon, 191 Pa.Super. 45, 155 A.2d 370,
"The trial court has an immemorial right to grant a new trial whenever, in its opinion, the justice of the particular case so requires."
After a careful reading of the record, we find no logical explanation exists for the cause of plaintiff's neck injury, other than the fact that it was caused by the collision occurring in February 1960. The sum total of the record justifies no other conclusion. Here defendants' negligence caused a collision in which plaintiff was thrown forward striking her head on the windshield and her chin on the dashboard. Immediately thereafter, plaintiff, who previously had enjoyed good health began to suffer from acute neck pains resulting in extensive and costly medical treatment. In such case plaintiff is entitled to full compensation for her injuries. Franklin v. Templeton, 163 Colo. 48, 428 P.2d 361.
From the record, it is clear that the medical expenses, loss of earnings, pain and suffering, and permanent loss of mobility in her neck resulting from this collision have created a loss far exceeding the $8,500.00 verdict rendered. Where the issue of liability is properly determined, but the jury has failed in its function adequately to assess the compensation required, it is mandatory that the court order a new trial on the issue of damages alone. Denton v. Navratil, Colo., 459 P.2d 761.
In the instant case, the verdict on defendants' negligence was fully justified by the evidence, but the verdict was manifestly inadequate to compensate plaintiff for her injuries.
The issue as to the liability of the City to pay interest on the judgment was not presented to the trial court, and therefore, we decline to consider it now on appeal.
Judgment affirmed.
DWYER and DUFFORD, JJ., concur.