**Stephanie ARCHULETA,
Appellant (Plaintiff),**

v.

**Amy VALENCIA, Appellee (Defendant).**

**No. 93–152.**

Supreme Court of Wyoming.

March 24, 1994.

James W. Gusea, Gusea, Pattno & White, P.C., Cheyenne, for appellant.

Julie Nye Tiedeken, Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

Appellant, a passenger injured in a single vehicle accident, brought an action against appellee, the driver of the vehicle, to recover damages. Appellant contends the jury's award of damages was inadequate as a matter of law, and she appeals the district court's denial of both her motion to amend the judgment and her alternative motion for a new trial.

We affirm.

## ISSUES

Appellant presents the following statement of the issues:

Whether the amount awarded to the appellant (plaintiff below) for non-economic damages and for physical impairment and disfigurement [was] inadequate given the injuries proven.

A. The $750.00 awarded to the appellant for non-economic damages is grossly and manifestly inadequate or so small as to clearly and definitely indicate that the jury neglected to take into consideration evidence of loss.

B. The $990.00 awarded to the appellant for physical impairment or disfigurement is grossly and manifestly inadequate or so small as to clearly and definitely indicate that the jury neglected to take into consideration evidence of loss.

Appellee rephrases the single issue for review as:

Is the jury verdict inadequate as a matter of law?

## FACTS

On the evening of August 22, 1990, appellant, appellee, and appellee's sister traveled from Cheyenne, Wyoming, to Greeley, Colorado, in appellee's truck. In the early morning hours of August 23, 1990, the three women began their return trip to Cheyenne with appellee driving. On the trip back, appellee failed to negotiate a curve and lost control of the vehicle, which rolled over and landed upside down. Appellee's sister was thrown from the vehicle and killed, and appellee and appellant were both trapped in the vehicle. Appellant remained trapped for approximately twenty minutes before being extracted

from the vehicle and transported to the North Colorado Medical Center in Greeley.

Appellant suffered a ruptured spleen in the accident and underwent surgery that same morning to have the damaged spleen removed. The surgery left her with a scar from her sternum to just below her navel. Appellant has also experienced pain and stiffness throughout her neck and shoulders and in her pelvic area. In August 1991, appellant began wearing a transcutaneous electrical nerve stimulator (TENS unit) to alleviate the pain in her hips. In addition to her physical injuries, appellant has been diagnosed with post-traumatic stress disorder stemming from the accident.

On April 21, 1992, appellant filed a complaint in district court seeking to recover damages for her injuries. Trial was held on March 16–18, 1993. The jury returned a verdict finding that appellee was negligent and her negligence caused appellant's damages. The jury then awarded appellant $15,680.12 for economic damages, including medical expenses and lost earnings. In addition, the jury awarded $750 for noneconomic damages, such as pain and suffering, and $990 for physical impairment or disfigurement.

Appellant, contending the jury's awards for noneconomic damages and physical impairment or disfigurement were inadequate as a matter of law, moved for amendment of the judgment or in the alternative a new trial. The district court denied both motions.

## STANDARD OF REVIEW

■    The law of the place where the tort or wrong was committed is the law that governs and is to be applied with respect to the substantive phases of torts or the actions therefor. *Duke v. Housen,* 589 P.2d 334, 342 (Wyo.1979); *Ball v. Ball,* 73 Wyo. 29, 269 P.2d 302, 304 (1954). We thus apply Colorado law in determining whether the jury's verdict was inadequate as a matter of law.

A jury's verdict will not be set aside on the basis of inadequacy unless, in view of the evidence, it can be said with certainty that the verdict is grossly and manifestly inadequate, or unless the amount of the verdict is so small as to indicate clearly

that the jury neglected to consider all the evidence pertaining to the plaintiff's injuries. *Martinez v. Shapland,* 833 P.2d 837, 839 (Colo.App.1992) (citing *Mince v. Butters,* 200 Colo. 501, 616 P.2d 127 (1980)). If a plaintiff proves that he has incurred a certain kind of damages, economic or noneconomic, the jury must compensate the plaintiff for such damages. *Rine v. Isham,* 152 Colo. 411, 382 P.2d 535, 538 (1963). However, this court will not disturb the jury's determination of damages absent a clear indication that it ignored the trial court's instruction on the measure of damages. *King v. Avila,* 127 Colo. 538, 259 P.2d 268, 272 (1953).

■    In reviewing the evidence, we must view it in the light most favorable to the party seeking to sustain the judgment. *Preuss v. Schoonover,* 154 Colo. 531, 391 P.2d 880 (1964). "We assume the evidence in favor of the successful party to be true, leaving out of consideration entirely the evidence in conflict, and assigning to the evidence of the successful party every favorable inference that can be reasonably and fairly drawn from it." *Medlock v. Merrick,* 786 P.2d 881, 883 (Wyo.1990) (quoting *Seaton v. State of Wyoming Hwy. Comm'n, Dist. No. 1,* 784 P.2d 197, 207–08 (Wyo.1989)). *See also, Coulthard v. Cossairt,* 803 P.2d 86, 91 (Wyo.1990).

## DISCUSSION

■    Appellant argues that the $750 award for noneconomic damages, and the $990 award for physical impairment or disfigurement, are grossly and manifestly inadequate. She contends that the awards clearly and definitely indicate that the jury neglected to consider evidence of appellant's loss and ignored the trial court's instructions on damages. In support of this argument, appellant cites to the testimony presented concerning her pain, suffering and trauma both during the accident and throughout her treatment and recovery, as well as testimony concerning her scarring and decreased ability to participate in certain activities.

We note, initially, that the jury did not disregard either appellant's noneconomic

damages or her disfigurement/physical impairment damages; it awarded some amount for each. This distinguishes this case from the cases cited by appellant in which the juries, after hearing uncontroverted evidence of noneconomic damages, and after being instructed to compensate for such damages, returned verdicts with no award for noneconomic damages. *See Kistler v. Halsey,* 173 Colo. 540, 481 P.2d 722 (1971); *Brncic v. Metz,* 28 Colo.App. 204, 471 P.2d 618 (1970). *See also Martinez,* 833 P.2d at 839.

Additionally, the testimony concerning appellant's pain and suffering following the accident was not uncontroverted. The testimony of appellant's physicians, and appellant's own deposition testimony, contradicted the trial testimony of appellant and her family concerning appellant's pain and suffering.

For example, at trial, appellant testified that the level of pain she experienced remained constant over the course of the year following the accident. Appellant's mother likewise testified that appellant was in constant pain, hurting, crying and screaming for approximately twelve months following the accident.

Contradicting the testimony of appellant and her mother, appellant's surgeon, Dr. Sally A. Parsons, testified that she examined appellant two weeks after her surgery and documented no problems or reported pain. Dr. Otis Schleyer, who continued with appellant's care, reported in his notes that from appellant's second visit her condition was improving. Additionally, appellant was examined approximately one year after the accident by Dr. Parsons and Dr. John E. Winter, an orthopedic surgeon. Both described her pain as "mild."

At trial, defense counsel also pointed out discrepancies between appellant's trial testimony and her deposition testimony concerning the level of pain she has experienced and continues to experience. Appellant testified at trial that she needed to wear the TENS unit three times per week for four or five hours at a time. However, during a deposition before trial, appellant testified she only wore the unit for a couple of hours at a time after heavy physical activity or during weather changes.

Inconsistencies in testimony also exist concerning appellant's ability to participate in activities such as rollerskating, dancing and volleyball. Appellant testified that because of the pain in her hip, she could not participate in those activities at the level she could before the accident. However, Dr. Parsons testified that appellant told her she had no complaints concerning walking or exercise. Dr. Parsons also testified that she observed appellant sitting, standing and moving and did not observe that she was experiencing any pain.

Examples of these types of inconsistencies can be found throughout the trial testimony. As the sole judge of the credibility of witnesses, the jury was not required to accept appellant's version of the facts. *Kahler v. Martin,* 570 P.2d 720, 722 (Wyo.1977). Based on the foregoing, we cannot conclude as a matter of law that the jury's $750 award for noneconomic damages was grossly and manifestly inadequate.

■ Similarly, we cannot conclude that the $990 award for disfigurement and physical impairment was grossly and manifestly inadequate. As noted above, the jury heard conflicting testimony concerning the impairment of appellant's ability to participate in activities she enjoys. The jury also heard testimony describing the abdominal scar from appellant's splenectomy, as well as her increased susceptibility to overwhelming infection, which was described as a remote possibility.

■ A reading of the cases cited by appellant illustrates that determinations of the adequacy of damages awarded by a jury vary depending upon the factual circumstances surrounding each case. *See, e.g., Thorpe v. City and County of Denver,* 30 Colo.App. 284, 494 P.2d 129 (1971); *Preuss,* 391 P.2d 880; *Cottingham v. Star Bus Line,* 152 Colo. 188, 381 P.2d 25 (1963); *King,* 259 P.2d 268. We agree with the trial court's reliance on the following passage from WRIGHT AND MILLER:

Necessarily all such formulations are couched in broad and general terms that furnish no unerring litmus for a particular case. On the one hand, the trial judge

does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*    *    *    *    *    *

The Court is not free to set aside the verdict merely because the judge might have awarded a different amount of damages, but it may do so if the proceedings have been tainted by appeals to prejudice or if the verdict, in light of the evidence, is so unreasonable that it would be unconscionable to permit it to stand.

11 CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, §§ 2806, 2807 (1973). This court may not substitute its own judgment for the collective judgment of the jurors. *Lee's Mobile Wash v. Campbell,* 853 P.2d 1140, 1143 (Colo.1993). Having reviewed the evidence of appellant's disfigurement and physical impairment, we cannot say the jury's determination of damages is so unreasonable that it would be unconscionable to permit it to stand.

## CONCLUSION

The jury's determination of damages was not grossly and manifestly inadequate, and we thus affirm the district court's denial of appellant's motion.

CARDINE, J., filed a dissenting opinion.

CARDINE, Justice, dissenting.

Appellant was awarded special damages in the amount of $15,680.12. She was awarded general damages for pain, suffering, physical impairment, disfigurement and loss of enjoyment of life in the amount of $1,740. This amount was clearly inadequate for the trauma, injury, hospitalization, surgery, difficult recovery and resultant condition of appellant. The general damages should generally have some reasonable relation to the specials, and not be so small or so great as to shock the conscience of the court. The majority opinion correctly recognizes that Colorado's substantive law of torts applied in this case, however, the disputed issue involves procedural law which is governed by Wyoming law. I would hold that, pursuant to Wyoming Rule of Civil Procedure 59, there was in the general damages awarded appellant, "(a)(5) Error in the assessment of the amount of recovery [it being] too small," W.R.C.P. 59(a)(5), and accordingly remand for new trial or for the trial court to amend the judgment by granting an additur.