In re Jill BEAVERS, Plaintiff,

v.

ARCHSTONE COMMUNITIES LIMITED
PARTNERSHIP II, a Delaware
corporation, Defendant.

No. 02SA320.

Supreme Court of Colorado,
En Banc.

Feb. 24, 2003.

Anderson, Hemmat & Levine, LLC, Chad P. Hemmat, Denver, Colorado, Attorneys for Plaintiff.

Holland & Hart, LLP, Marcy G. Glenn, Christopher H. Toll, Alan D. Schuchman, Denver, Colorado, Attorneys for Defendant.

Justice KOURLIS delivered the Opinion of the Court.

## I. Introduction

This is a case in which we accepted original jurisdiction under C.A.R. 21 to review a trial court's order vacating a jury verdict on its own motion. We now conclude that the trial court exceeded its jurisdiction in entering such order outside the time specified in C.R.C.P. 59(a). Accordingly, we make our rule to show cause absolute.

## II. Facts of the Case

Jill Beavers, the plaintiff, asserted a premises liability claim against Archstone Communities Limited Partnership II, the operators of an apartment complex known as Sunwood Apartments. Plaintiff alleged that on July 17, 2000, while descending a stairway that was defective and extremely slippery, she fell and sustained physical injury.

The case proceeded to trial before a jury on January 22, 23, and 24, 2002. The court instructed the jury on the law of the case prior to closing arguments. Counsel for Beavers and Archstone had tendered to the court a packet of mutually acceptable proposed jury instructions, including CJI–Civ.4th 9:12, which became Instruction No. 11. The court did reject one of Archstone's additional proposed instructions, to which counsel for Beavers objected. However, neither Beavers nor the court itself identified any concerns with the jointly tendered instructions. Instruction No. 11 informed the jury that: "The occurrence of an accident does not raise any presumption of negligence on the part of either the plaintiff or the defendant." The jury returned a defense

verdict on January 24, 2002. That verdict was entered on the register of actions on the same day.

On February 21, 2002, by written order, the court on its own motion ordered a new trial, holding that the giving of Instruction No. 11 was an error. Specifically, the court concluded,

> The use of the word 'accident' was inappropriate under these circumstances. The instruction should have said, if anything, that the occurrence of a slip and fall did not create a presumption of negligence. It is highly likely the incident, characterized as an accident, led the jury to believe that no one was liable. In essence, the Court inadvertently concluded for the jury that the incident was an accident.
>
> ....
>
> ... [Thus] the Court ... gave the defense what amounted to a directed verdict. The Court's error circumvented justice requiring a new trial in this matter.

Archstone sought review of that order under C.A.R. 21, arguing that the trial court had erred in ordering a new trial and that forcing Archstone to undergo a second trial before having access to any appellate process was not an adequate remedy. This court accepted the case and issued a rule requiring Beavers to show cause why we should not issue a mandamus requiring the trial court to vacate its order for new trial and enter judgment for the defendant on the jury's verdict. Having now reviewed the briefing and exhibits of both parties, the court now makes the rule to show cause absolute, and remands this case to the trial court for entry of judgment on the jury verdict for the defendant.

### III. Rule 21 Relief

██ This court has original jurisdiction to review pending cases as identified in C.A.R. 21. However, because normal appellate processes are in place and preferred, the court seldom exercises its authority under Rule 21.

██ Only when the petitioner satisfies this court that the district court is proceeding without or in excess of its jurisdiction or has abused its discretion will this court consider issuing extraordinary relief under Rule

21. *See, e.g., People v. Miller,* 25 P.3d 1230, 1232–33 (Colo.2001) (finding that when clerical error caused DOC to unconditionally release defendant, trial court was wrong to conclude that it lacked jurisdiction to revoke juvenile sentence and revive suspended adult sentence); *Hawkinson v. Biddle,* 880 P.2d 748, 748 (Colo.1994) (finding standing to review trial court's denial of petitioner's request to proceed *in forma pauperis* ). The petitioner must further persuade us that normal appellate remedies would for some reason be insufficient to remedy the error. *Curtis, Inc. v. Dist. Ct.,* 186 Colo. 226, 230, 526 P.2d 1335, 1337 (1974) (making rule absolute in trade secrets case to insure full observance of the rules of civil procedure, when damage to petitioner would be incurable on appeal because trial court denied motion for protective orders).

Here, we now conclude that indeed the trial court was proceeding in excess of its jurisdiction in issuing an order vacating the jury verdict and ordering a new trial. Because the petitioner would have to undergo another trial in order to be able to raise the propriety of the trial court's order on appeal, we also conclude that appellate remedies would be inadequate.

### IV. Orders for New Trial

A trial court may, within 15 days after entry of judgment, on its own initiative order a new trial of all or part of the issues. *See* C.R.C.P. 59(c); *Singer v. Chitwood,* 126 Colo. 173, 178–79, 247 P.2d 905, 908 (1952) (quoting *Pruitt v. Hardware Dealers Mut. Fire Ins. Co.,* 112 F.2d 140, 143 (5th Cir.1940)). The order is required to specify the grounds for such action. Our courts have opined in the past that "[t]he trial court has an immemorial right to grant a new trial" whenever, in its opinion, manifest justice so requires. *Brncic v. Metz,* 28 Colo.App. 204, 208, 471 P.2d 618, 620 (1970) (citation omitted). In *Brncic,* the jury held the defendant liable for the plaintiff's injuries and assessed a damage award. The trial court found the award manifestly inadequate in light of the plaintiff's injuries, and ordered a new trial on damages alone. *Id.* at 206, 471 P.2d at 619. The court of appeals upheld that decision, concluding that

liability was clear and the damage award was not supported by the evidence in the case. *Id.* at 209, 471 P.2d at 620. Hence, we recognize the trial court's right to correct errors independently. However, we have required strict compliance with time lines set forth in the rules and we have also required trial courts to state adequate grounds for entry of an order for new trial.

In *Koch v. District Court,* 948 P.2d 4 (Colo.1997), we addressed a case in which the trial court had, *sua sponte,* vacated a decree of dissolution and ordered a new trial on all issues. Initially, we concluded that the trial court was acting in excess of its jurisdiction because the time lines of Rule 59 had expired. *Id.* at 8. Specifically, Rule 59(a) creates a fifteen-day time frame within which either party may file a motion for new trial. The Rule also provides that the court may extend the fifteen-day deadline; however, the last date for the filing of such motions becomes the last date on which the district court may enter any *sua sponte* order for post-trial relief. In *Koch,* we reversed the order for new trial because the trial court exceeded its jurisdiction by entering such order after expiration of the time for the parties to file motions for post-trial relief. *Id.* We further held that the trial court failed to identify adequate and legally supportable grounds justifying entry of the *sua sponte* order for new trial. *Id.*

Hence, we review *sua sponte* orders for new trial, first to determine if they have been issued within the required time period within which the trial court retained jurisdiction to order a new trial.

Here, the jury returned a verdict for Archstone on January 24, 2002. The court issued its order for new trial on February 21, 2002. Rule 59 provides a period of fifteen days "or such greater time as the court may allow" for the filing of motions for new trial. By operation of the *Koch* case, that fifteen-day period framed the window of time within which an order for new trial could have issued, unless the court extended the time. The trial court here did not extend the time within which motions for new trial could be filed. Therefore, they were due on or about Friday, February 8, 2002. No such motions were filed, which would themselves have extended the time. The trial court had jurisdiction to order a new trial within that same time frame only.[1] The February 21st order postdated February 8 by thirteen days, and therefore issued at a time when the trial court had lost jurisdiction for purposes of granting a new trial. For that reason alone, the trial court was operating in excess of its jurisdiction over the case.[2]

## V. Conclusion

Because the trial court vacated the jury verdict and ordered a new trial outside of the time limits of C.R.C.P. 59(a), it was proceeding in excess of its jurisdiction. Accordingly, we make the order to show cause absolute, and remand this case to the district court for entry of judgment on the jury's verdict.

---

1. Of course, if a party had filed a motion for new trial, the time for issuance of an order on that motion would have been increased an additional 60 days. C.R.C.P. 59(j).

2. The Petitioner also argued that the order for new trial failed to set forth adequate legal or factual support for the conclusion that the jury instruction was somehow in error. We do not reach that issue, since as a threshold matter we determine that the trial court was proceeding outside of its jurisdiction and abused its discretion in entering any order for new trial.