Wallace TOLMAN and Jeanette Tolman, Plaintiffs,

v.

STRYKER CORPORATION, Defendant.

Case No. 13–CV–13–ABJ.

United States District Court, D. Wyoming.

Feb. 22, 2013.

Randy L. Royal, Greybull, WY, Todd H. Hambrick, Todd Hambrick, PC, Casper, WY, for Plaintiffs.

Isaac Nathan Sutphin, Holland & Hart, Cheyenne, WY, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

ALAN B. JOHNSON, District Judge.

After Plaintiff Wallace Tolman broke his hip and femur in an ATV accident, he went to a hospital in Billings, Montana, where a doctor surgically inserted a medical device called the Gamma Nail # 3 to stabilize Mr. Tolman's hip and femur. Months later, the gamma nail snapped while Mr. Tolman was at his home in Wyoming, causing Mr. Tolman intense pain in his hip and leg. Mr. Tolman, along with his wife, Plaintiff Jeanette Tolman, brought suit against Defendant Stryker Corporation, the manufacturer of the gamma nail, asserting claims based on negligence, strict products liability, breach of implied warranties, and loss of consortium. Stryker has now filed a Rule 12(b)(6) motion to dismiss, arguing that Mr. Tolman's claims are governed by and untimely under Montana law. The Court grants Stryker's motion in part and denies it in part.

### STANDARD OF REVIEW

The standard of review for a Rule 12(b)(6) motion applies here. In *Ashcroft v. Iqbal,* the Supreme Court articulated a two-step approach for district courts to use when considering a motion to dismiss. *See* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal* clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *id.* at 678, 129 S.Ct. 1937, and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *id.*

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an enti-

tlement to relief." *Id.* at 679, 129 S.Ct. 1937. The Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678, 129 S.Ct. 1937. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility lies somewhere between possibility and probability; a complaint must establish more than a mere possibility that the defendant acted unlawfully but the complaint doesn't need to establish that the defendant probably acted unlawfully. *See id.* "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S.Ct. 1937.

## FACTS

On September 8, 2008, Plaintiff Wallace Tolman broke his hip and femur in an ATV accident. Compl. ¶ 5, ECF No. 2. That same day he went to a hospital in Billings, Montana, where Dr. James Elliot surgically installed a medical device called the Gamma Nail # 3 to stabilize Mr. Tolman's hip and femur. *See id.* ¶ 2, 5. Defendant Stryker Corporation manufactures the gamma nail. *Id.* ¶ 2.

Mr. Tolman's recovery was going smoothly until, on December 31, 2008, Mr. Tolman heard a loud "crack" and began experiencing intense pain in his hip and leg as he was preparing to take a shower at his home in Big Horn County, Wyoming. *See id.* ¶¶ 1, 8; Pls.' Resp. 3, ECF No. 10. A few days later, Mr. Tolman again visited Dr. Elliot and learned that the gamma nail had snapped into two pieces. Compl. ¶ 8, ECF No. 2. Mr. Tol-

man then underwent surgery to replace all of the hardware, *id.,* but unfortunately Mr. Tolman's troubles didn't stop there. He went through three more surgeries all because the gamma nail broke. *See id.* ¶ 9. His leg has never healed properly and the last surgery left his injured leg an inch shorter than the other. *Id.*

On December 19, 2012, Mr. Tolman and his wife, Plaintiff Jeanette Tolman, brought suit against Stryker, alleging claims based on negligence, strict products liability, breach of implied warranties, and loss of consortium. *See id.* ¶¶ 12–26. Stryker has now filed a motion under Federal Rule of Civil Procedure 12(b)(6) asking this Court to dismiss Plaintiffs' claims. Def.'s Mot. 1, ECF No. 4. Stryker argues that Montana law governs Plaintiffs' claims because Montana is where any alleged tort occurred in this case. *See* Def.'s Mem. 3–5, ECF No. 5. And, Stryker continues, all of Plaintiffs' claims are time-barred by Montana's three-year statute of limitations. *See id.* at 6–9. Plaintiffs respond that Wyoming law governs their claims because Mr. Tolman was injured in Wyoming, and they argue that their claims are timely under Wyoming's four-year statute of limitations. *See* Pls.' Resp. 2, ECF No. 10.

## DISCUSSION

The Court first will discuss what law governs Mr. Tolman's negligence and strict products liability claims and then will discuss whether those claims are timely. Next, the Court will discuss Mr. Tolman's breach of implied warranty claims. A brief conclusion follows.

## I. Negligence and Strict Products Liability Claims

### A. *Choice of Law*

In diversity cases, a federal court applies the choice-of-law rules of the state

in which the federal court sits. *See Mem'l Hosp. of Laramie Cnty. v. Healthcare Realty Trust Inc.*, 509 F.3d 1225, 1229 (10th Cir.2007). Because this Court sits in Wyoming, the Court applies Wyoming's choice-of-law rules. *Id.*

■ Regarding tort claims like negligence and strict products liability, Wyoming applies the traditional choice-of-law rule *lex loci delicti:* The substantive law of the place where the injury occurred governs. *See Duke v. Housen,* 589 P.2d 334, 341 (Wyo.1979) ("[T]he law of the place where the plaintiff sustains injury to her person controls."); *see also Archuleta v. Valencia,* 871 P.2d 198, 200 (Wyo.1994) (applying Colorado law to plaintiff's negligence claim where plaintiff was injured in Colorado); *Ball v. Ball,* 73 Wyo. 29, 269 P.2d 302, 304 (1954) (applying Montana law to plaintiff's negligence claim where plaintiff was injured in Montana); 16 Am. Jur.2d *Conflict of Laws* § 110 (2009) ("[T]he substantive rights of the parties are determined by the law of the place of the injury under the traditional rule of lex loci delicti. . . .").

■ Applying that rule here, the Court concludes that Wyoming law governs Mr. Tolman's negligence and products liability claims. Mr. Tolman's injury occurred in Wyoming when the gamma nail snapped while Mr. Tolman was at his home in Big Horn County. *See* Pls.' Resp. 3, ECF No. 10. Thus, because Mr. Tolman's injury occurred in Wyoming, Wyoming law governs his negligence and strict products liability claims.

Stryker disagrees. It argues that any alleged tort in this case occurred when Dr. Elliot surgically inserted the allegedly defective gamma nail into Mr. Tolman's hip and femur. *See* Def.'s Mem. 4, ECF No. 5; Def.'s Reply 4, ECF No. 13. Because this occurred in Montana, Stryker asserts the Court should apply Montana law. *See* Def.'s Mem. 4, ECF No. 5. The Court rejects Stryker's argument for three reasons.

First, Wyoming Supreme Court precedent forecloses Stryker's argument. In *Archuleta,* the court stated that "[t]he law of the place where the tort or wrong was committed is the law that governs and is to be applied with respect to the substantive phases of torts." 871 P.2d at 200. Stryker argues that the alleged tort in this case was committed in Montana when Dr. Elliot inserted the gamma nail into Mr. Tolman's hip and femur. *See* Def.'s Mem. 4, ECF No. 5. But Mr. Tolman didn't suffer any injury or damage from the gamma nail until it snapped at his home in Wyoming. *See* Compl. ¶¶ 5–8, ECF No. 2. Stryker thus seems to think that a tort can occur without damage. The Wyoming Supreme Court, however, has held that that's not true. In *Davis v. City of Casper,* the court stated the following: "[Appellants] believe that a tort can occur without damage. In our recent decision in *Anderson v. Bauer,* [681 P.2d 1316 (1984)] we held otherwise. . . . [A] tort is not complete and actionable until all the elements . . . are present." 710 P.2d 827, 829 (Wyo.1985) (citations omitted). *Davis* thus forecloses Stryker's argument that any alleged tort in this case occurred in Montana because Mr. Tolman did not suffer any damage from the gamma nail in Montana.

Second, Stryker's argument reflects a misunderstanding of the *lex loci delicti* rule. "The rule of lex loci delicti is based on the 'vested rights' doctrine" as reflected in the First Restatement of Conflict of Laws. *See* 16 Am.Jur.2d *Conflict of Laws* § 108 (2009). The First Restatement says that "[t]he law of the place of wrong" determines the substantive law that applies in torts. Restatement (First) of Conflict of Laws § 378 (1934). The First Restatement defines *place of wrong* as "the

state where the last event necessary to make an actor liable for an alleged tort takes place." *Id.* § 377. Here, the last event necessary to give rise to Mr. Tolman's negligence and strict products liability claims was an injury. *See Duke,* 589 P.2d at 343 ("A cause of action accrues only when forces wrongfully put in motion produce injury."). Because this last necessary act took place in Wyoming, Wyoming is the *place of wrong* and thus its law applies under the *lex loci delicti* rule.

■ Third, even assuming Stryker's alleged tortious act occurred in Montana, the Court still would reject Stryker's argument that Montana law applies. The general rule is that where the tortious act and the resulting injury occur in different states, the substantive law of the state where the injury occurred is controlling. *See Myers v. Hayes Int'l Corp.,* 701 F.Supp. 618, 620 (M.D.Tenn.1988); E.H. Schopler, Annotation, *What is place of tort causing personal injury or resultant damage or death, for purpose of principle of conflict of laws that law of place of tort governs,* 77 .A.L.R.2d 1266, 1273 (1961). Thus, even assuming Stryker's allegedly tortious act occurred in Montana, Mr. Tolman was injured in Wyoming when the gamma nail snapped, so Wyoming is the place of injury and its law applies.

### B. Statute of Limitations

■■ Having concluded that Wyoming law governs Mr. Tolman's negligence and strict products liability claims, the Court next addresses whether those claims were timely filed. In Wyoming, the statute of limitations for a negligence claim is four years. *See* Wyo. Stat. Ann. § 1-3-105(a)(iv)(C) (2011); *Ogle v. Caterpillar Tractor Co.,* 716 P.2d 334, 337 (Wyo.1986). "A cause of action in negligence accrues when the injured party knows or reasonably ought to know that some damage has resulted from the wrongful act." *Ogle,* 716 P.2d at 337 (internal quotation marks omitted). Here, Mr. Tolman was injured on December 31, 2008, when the gamma nail snapped and he knew of his injury immediately. *See* Compl. ¶ 8, ECF No. 2; Pls.' Resp. 3, ECF No. 10. Thus, he had until December 31, 2012, to file his negligence suit. Because he filed on December 19, 2012, his negligence suit is timely.

■ The statute of limitations for a strict products liability claim also is four years. *Ogle,* 716 P.2d at 345. Like the statute of limitations for negligence claims, the limitations period runs from the date of injury. *Id.* Thus, Mr. Tolman's strict products liability claim, like his negligence claim, also is timely. And, because Mrs. Tolman's loss of consortium claim is derivative from Mr. Tolman's tort claims, her claim is timely as well. *See Verschoor v. Mountain W. Farm Bureau Mut. Ins. Co.,* 907 P.2d 1293, 1301 (Wyo.1995) ("[L]oss of consortium is derivative of actions sounding in tort....").

## II.  Breach of Implied Warranty Claims

The Court dismisses Mr. Tolman's claims for breach of the implied warranties of merchantability and fitness for a particular purpose because those claims are time-barred. Stryker argues that Mr. Tolman's warranty claims are governed by and untimely under Montana law, which applies a three-year statute of limitations to such claims. *See* Def.'s Mem. 7–8, ECF No. 5 (citing *Bennett v. Dow Chem. Co.,* 220 Mont. 117, 713 P.2d 992, 995 (1986) for the proposition that, under Montana law, a three-year statute of limitations applies to breach of implied warranty claims absent a contract between plaintiff and defendant). Plaintiffs argue that Mr. Tolman's warranty claims are governed by Wyoming law, which applies a four-year statute of limitations to such claims. *See* Pls.' Resp. 2,

ECF No. 10 (arguing that a four-year statute of limitations applies to all of Plaintiffs' claims). Because Mr. Tolman's warranty claims are untimely under both Montana and Wyoming law, the Court assumes (without deciding) that Wyoming law applies.

■ Mr. Tolman's warranty claims are time-barred by Wyoming law. The Wyoming Supreme Court has held that "a plaintiff bringing a breach of warranty action for personal injury must file his suit within four years of the date on which the warranted goods are tendered." *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334, 339 (Wyo.1986). Here, even giving Mr. Tolman the benefit of the doubt by assuming that Stryker tendered the gamma nail on the day of his surgery (September 8, 2008), his warranty claims are untimely. Under *Ogle*, Mr. Tolman had until September 8, 2012, to file his warranty claims. Because he didn't file until December 19, 2012, those claims are time-barred.

### CONCLUSION

Because Mr. Tolman's breach of implied warranty claims are time-barred, the Court **GRANTS** Defendant's motion in part and **DISMISSES WITH PREJUDICE** Mr. Tolman's breach of implied warranty claims. However, because Wyoming law governs Mr. Tolman's negligence and strict products liability claims and Mr. Tolman timely filed those claims, the Court **DENIES** Defendant's motion to dismiss those claims as well as Mrs. Tolman's derivative loss of consortium claim.